THOMAS CREGIN, Administrator, etc., Respondent, v. THE BROOKLYN CROSSTOWN RAILROAD COMPANY, Appellant.

The revival of an action does not necessarily carry with it the whole of the prior right of action.

Where a right of action for damages which can survive involves, mingled with, but separable from such damages, other damages of a character that die with the party, the revival of the action does not draw the latter with it and permit a recovery therefor.

Upon the death of the plaintiff, in an action by a husband for a wrongful injury to the person of his wife, the right to damages for loss of the wife's services and the expenses necessarily incurred by reason of the injury, survive to his personal representatives as they are a pecuniary loss diminishing his estate; but the right of action for the loss of the society of his wife, and the comforts of that society dies with him.

Upon revival of the action, therefore, only the damages that so survive are recoverable.

*Cregin* v. *Brooklyn Crosstown R. R. Co.* (19 Hun, 341), reversed.

(Argued January 17, 1881; decided January 25, 1881.)

APPEAL from judgment of the General Term of the Supreme Court, in the second judicial department, entered upon an order made December 8, 1879, affirming a judgment in favor of plaintiff, entered upon a verdict. (Reported below, 19 Hun, 341.)

The nature of the action and the material facts are set forth in the opinion.

*Winchester Britton* for appellant.　Neither the society of a wife, nor the comfort which a husband may lose, by a negligent injury to her, survives to his administrator.　(*Cregin* v. *Crosstown R. R. Co.*, 56 How. 465; 75 N. Y. 192–194; 25 Hun, 369; *George* v. *Van Horn*, 9 Barb. 523; *Howard* v. *Peck*, 50 id. 202; *Delamater* v. *Russell*, 4 How. Pr. 234; *North* v. *Turner*, 9 Serg. & Rawle, 244; *Graw* v. *Spier*, 58 Barb. 386; *McKee* v. *Judd*, 2 Kern. 625; Cooley on Torts, 226; *Fry* v. *Derstler*, 2 Yeates, 278; *Westlake* v. *Westlake*, 34 Ohio St. 21; *Clark* v. *Harlan*, 1 Cin. Sup. Ct. 418; Cooley on Torts, p. 227, note 3; *Lynch* v. *Knight*, 9 H. L. Cas. 577.)　If in any event damages from loss of business services can be allowed, it must be under a complaint claiming it as special damage. (*Gilligan* v. *N. Y. & H. R. R. Co.*, 1 E. D. Smith, 453; *Jutte* v. *Hughes*, 40 N. Y. Supr. Ct. 126; 67 N. Y. 268; Hutchinson on Carriers, 796, 797.)

*J. Warren Lawton* for respondent.　The comforts of the wife's society and services are inseparable from the natural and healthy relations of husband and wife, and are embraced within the statute which preserves from abatement by death, actions " for wrong done to the property, rights or interests of another." (2 Rev. Stat. 447, § 1; *Cregin* v. *Brooklyn Crosstown R. R. Co.*, 56 How. 466; 75 N. Y. 192.)　The action having been revived, it was of necessity revived as an entirety.　( *Wade* v. *Kalbfleisch*, 58 N. Y. 286; *Moore* v. *Hamilton*, 44 id. 666.)

FINCH, J.　This action was originally brought by a husband for a wrongful injury to the person of his wife, whereby he suffered damages in the loss of her services and society, and in the expenses of such care and medical attendance as became necessary.　Pending the action, but before trial, the husband died and the action was revived, his administrator being substituted as plaintiff.　The question whether the cause of action survived came before us on appeal.　(75 N. Y. 192.)　Its answer involved a construction of the statute relating to suits by and against executors and administrators.　(3 R. S. [6th ed.]

732, §§ 1 and 2.) We held that it preserved the right of action for tortious injuries affecting pecuniary rights or interests, and by which the estate of the deceased was diminished, excepting, of course, the wrongs referred to in section 2, and particularly named. We determined, also, that the injury to the wife, for which the intestate sued in his life-time, was such a wrong done to the rights and interests of the husband as would survive to his personal representatives, because it involved a pecuniary loss which diminished his estate; and that such result followed, notwithstanding the fact that the complaint also alleged as an element of damages, in addition to the loss of services, that of the "comfort" of his wife.

Upon the trial the court, in submitting the case to the jury, mingled these two classes of damage — those which involved pecuniary loss and diminished the estate, and those which only affected the personal comfort of the husband. After describing the cause of action which the wife had, the learned judge added, that "the other cause of action is the one before you which belongs to the husband, and which, in a prospective point of view, took in the fact that he was not only entitled to her services, and the *comfort of her society*, but was deprived of and suffered damages from it." Again, the measure of damages was described as affected by the death of the husband, and the court said: "The question which is before you stopped at his death, what he was deprived of in his life-time, the loss of her services *and society*, and you are limited to that and his expenses," etc. And, finally, after excluding from the consideration of the jury certain elements of special damage connected with her keeping a store, the learned judge added: "so that you will confine yourselves to what the husband suffered in respect to nursing, attendance, doctor's bill, the deprivation of ordinary affairs, of regular attendance, services, *comfort of his wife's society*, what the damage was." At the close of the charge the defendant's counsel excepted to so much of the charge as submitted to the jury the question of damages for the loss of society, and so much of it as related to "comfort" independent of services.

The attention of the court was thus called to the precise question, whether, in addition to the right of action for pecuniary damages which diminished the estate, there also survived to the administrator a right to recover damages for the loss to the intestate of the society of his wife, and the comfort of such society.

The conclusion of the court is sought to be sustained upon two grounds. The first is, that the charge, in the respect objected to, did not, in fact, go beyond a claim for services, and that what was intended by the use of the word "comfort" was merely the personal service of the wife as contradistinguished from the service of a stranger or a hired nurse. That is the substantial ground taken by the General Term. We do not think such a construction is just. It is not the natural or apparent import of the language, and could hardly have been so understood by the jury. How the defendant's counsel understood it was made very plain by the precise terms of the exception. Comfort, as independent of services, was the point of his objection, fairly and distinctly stated. It is not to be presumed that if he plainly misunderstood the meaning of the charge the court would have avoided explanation. If the counsel misunderstood it the jury might also, and indeed would, be very certain to do so when the interpretation, openly and distinctly put on it by the counsel, was in no manner qualified or repudiated by the court. We must understand, therefore, the charge to mean, as it plainly did mean, that a right to damages for the loss of the wife's society, and the comforts of that society, survived the death of the intestate and vested in the administrator.

The correctness of that ruling is argued on another ground. It is said that the cause of action which survives must do so as one and entire, and cannot survive in part and abate in part; and our attention is called to the cases of which *Moore* v. *Hamilton* (44 N. Y. 666) is a type. It was there said that when the action is revived the issue and proceedings are taken up at the point where death, marriage or other devolution of the party, as to whom the change is made, left them; that the

new or substituted party takes the place of the former one, and the case is revived and proceeds in all respects as if the new party had been in the case from the beginning. But this was said solely of the proceedings to enforce the right of action, and not of the right of action itself. The question to which the opinion was addressed was whether, by the revival of an action, a subsisting order of reference was vacated. Nothing was said to indicate that such revival carried with it, of necessity, the whole of a prior right of action. We think the elements of damage are easily separable. The intestate, in his life-time, may justly be said to have had one cause of action against the defendant, viz., for damages resulting to him from personal injuries wrongfully done to his wife; but while the cause of action was in one sense single, his right to damages therefor was compound, and consisted of several and diverse elements. The loss of his wife's services, the expenses necessarily incurred by reason of the injury, were a pecuniary loss, and diminished his estate, and so survived to his administrator; but the loss of his wife's society, and the comforts of that society, and the right of action for that, died with him. It cannot be said to have survived to his personal representatives because something else did. That would be to argue that because a cause of action survives in part, and as to some elements of damage suffered, its revival draws with it damages which died with the party. We said in this case, upon the question of the right of revival, that where the cause of action is not one of those enumerated in the statute, the character of the damages may control the question whether there is an injury to the property, rights or interests of the plaintiff; that is to say, that where an action is brought for the recovery of damages in the case referred to, wholly and entirely of such a character that they can survive to the personal representatives, the latter may recover them; where they are wholly of such a character that they cannot survive, and die with the party, there can be no revival, and the personal representatives cannot recover; but where a right of action for damages which can survive involves, mingled with it but separable from it, dam-

ages of such a character as die with the party, the revival of the action does not draw the latter with it and permit their recovery.

This rule was violated in the submission of the case to the jury, and for that error the judgment should be reversed.

All concur.

Judgment reversed.