EDWARD S. STOKES, Appellant, v. JOSEPH STICKNEY et al., Respondents.

96   323
119   124
96   323
j 160   681

An action against a trustee of a corporation organized under the General Manufacturing Act (Chap. 40, Laws of 1848), to recover the penalty imposed by that act (§ 12), because of failure to. make and file an annual report, is one *ex delicto;* and is not in any respect based upon the theory of affording compensation to the injured party for damages sustained by reason of the omission complained of.

Such a cause of action, therefore, is not within the provisions of the statute authorizing the survivorship of certain actions for tort (2 R. S. 448,

§ 1), as it is not for " wrongs done to the property rights or interests of another ; " and upon the death of the defendant the action cannot be revived against his personal representatives.

(Argued June 3, 1884 ; decided June 17, 1884.)

APPEAL from order of the General Term of the Court of Common Pleas in and for the city and county of New York, made November 9, 1883, which affirmed an order of Special Term to revive the action against the executors of defendant Lee, who died after the commencement of the action.

This action was brought against defendants as trustees of the Columbia Consolidated Gold and Silver Mining Company, a corporation organized under the General Manufacturing Act, by plaintiff, a creditor of that company, to recover the liability imposed by that act for a failure to make and file an annual report.

*Christopher Fine* for appellant.    The cause of action against the trustee is assignable, and survives against the representatives of the trustee under the letter and spirit of the act itself.  (Laws of 1848, chap. 40, § 12 ; 2 R. S. [7th ed.] 1733, § 12 ; *Pier* v. *George*, 14 Hun, 568, 571, 572 ; *Carley* v. *Hodges*, 19 id. 187, 188.)    The act of 1848 itself gives the right of contribution by one trustee against another.  (2 R. S. [7th ed.] 1733, § 12 ; *Wehle* v. *Haviland*, 4 Daly, 550 ; *Miller* v. *Fenton*, 11 Paige, 13 ; *Peck* v. *Ellis*, 2 Johns. Ch. 131 ; *Pearson* v. *Skilton*, 1 M. & W. 505.)    Section 12 of chapter 40 of the Laws of 1848 is to be regarded as punitive or penal merely in its construction and application in creating the debt or liability of the trustee, by reason of the default to file, etc., the annual report.  (*Dabney* v. *Stevens*, 10 Abb. [N. S.] 39 ; *Squires* v. *Brown*, 22 How. 35 ; *Boughton* v. *Otis*, 29 Barb. 196 ; *Merchants' B'k* v. *Bliss*, 35 N. Y. 412 ; *Bolen* v. *Crosby*, 49 id. 183, 187.)    The cause of action survives both in favor of the representatives of the creditor, and as against the representatives of the trustee who had become liable for the debt under the statute.  (*Pier* v. *George*, 86 N. Y. 613 ; *Bolen* v. *Crosby*, 49 id. 183 ; *Hoag* v. *Lamont*, 60 id. 96–7 ; *Carley* v.

*Hodges,* 19 Hun, 187, 188; *Bonnell* v. *Wheder,* 1 id. 332, 333, 339, 340; 20 id. 210, 213; *Wade* v. *Kalbfleisch,* 15 Abb. [N. S.] 16, 17; *Chase* v. *Lord,* 77 N. Y. 2, 5, 6.) The debt so created against the trustee may be assigned by the creditor and survives to the representative of the creditor, and an assignment of the claim against the company carries with it the remedy against the trustee. (*Bolen* v. *Crosby,* 49 N. Y. 183–187; *Pier* v. *George,* 86 id. 613; *Hoag* v. *Lamont,* 60 id. 96–97; *Carley* v. *Hodges,* 19 id. 187–188; *Pier* v. *George,* 14 Hun, 568, 571, 572; *Bonnell* v. *Wheder,* 1 id. 332, 333, 339, 340; *Hegerich* v. *Keddie,* 18 N. Y. Week. Dig. 528; *Yertore* v. *Wiswall,* 16 How. Pr. 9, 14, 15; *Quin* v. *More,* 15 N. Y. 432, 434–7.) A statute, or some part thereof, may be penal in one part or in one respect, and remedial in another part, or in another respect. (Sedg. on Const. of Stat. and Const. Law, 32, 310; *P. & C. R. R.* v. *Muthren,* 21 Ohio [N. S.], 586; *Fish* v. *Fisher,* 2 Johns. Cas. 89.) Penal, as well as beneficial, statutes are to be so construed as fairly to suppress the mischief and advance the remedy, and are never to be so construed as to defeat the object of the statute. (*Parkinson* v. *State,* 14 Md. 184; *Hoffman* v. *State,* 29 Ala. 40; *Bartlett* v. *Achey,* 38 Penn. St. 273; *U. S.* v. *Stenn,* 5 Blatchf. C. C. 512, note; Sedg. on Const. of Stat. and Const. Law [2d ed.], 280; id. 282–287, 308, 333, 334.) The cause of action also survives under the Revised Statutes. (3 R. S. 732, §§ 1–2 [6th ed.], m. p. 448; *Bank of Cal.* v. *Collins,* 5 Hun, 212–214; *Haight* v. *Hoyt,* 19 N. Y. 465, 474; *Groves* v. *Spur,* 58 Barb. 349, 385; *Dinniny* v. *Fay,* 38 id. 18, 20–23; *Byxlic* v. *Wood,* 24 N. Y. 607–612.) Even if the trustees were purely and solely wrong-doers, and neither the act under which they organized their company nor the Revised Statutes creates any liability that survives the trustees, yet the cause of action in these cases survive, for the trustee (Lee in common with the others) had, and through him his estate has, the benefit of that which created the debt or liability of the company. (*Dinniny* v. *Fay,* 38 Barb. 18, 20, 23.)

*Horace W. Fowler* for respondents. An action like the present could not be revived. (*B'k of California* v. *Collins,* 5 Hun, 209.) This is an action to recover a statutory penalty. (*Merchants' B'k* v. *Bliss,* 35 N. Y. 412; *Wiles* v. *Suydam,* 64 id. 173; *Esterly* v. *Barber,* 65 id. 252; *Knox* v. *Baldwin,* 80 id. 610; *Veeder* v. *Baker,* 33 id. 156.) In this class of actions the right to enforce the penalty attaches to the ownership of the debt. (*Bolen* v. *Crosby,* 49 N. Y. 183–187.)

RUGER, Ch. J. This court held in the case of *Merchants' B'k* v. *Bliss* (35 N. Y. 412) that an action brought against a trustee of a corporation to recover the liability imposed by section 12 of chapter 40 of the Laws of 1848, was governed by the statutory limitations applicable in actions to recover penalties.

Since that decision the subject of actions under that section of the statute has frequently been under the consideration of this court with the uniform conclusion that the actions therein provided for are penal in character, and are not in any respect based upon the theory of affording compensation to the injured party for damages sustained by reason of the omission complained of. (*Wiles* v. *Suydam,* 64 N. Y. 173; *Easterly* v. *Barber,* 65 id. 252; *Knox* v. *Baldwin,* 80 id. 610; *Veeder* v. *Baker,* 83 id. 156; *Pier* v. *George,* 86 id. 613.) The logical effect of these decisions is to classify such actions among those usually designated as actions *ex delicto,* and which, at common law, were extinguished by the death of the *tortfeasor.*

The cause of action, not being such as would survive at common law, can only be maintained against executors or personal representatives, by bringing it within the provisions of the statute authorizing the survivorship of certain actions for torts.

It is quite clear that this is not one of the actions therein provided for. Those actions embrace only those brought to recover damages for "wrongs done to the property rights or interests of another." (2 R. S., § 1, p. 448.)

No allegation is contained in the complaint that the act or omission of the deceased defendant occasioned any injury to

the property rights or interests of the plaintiff, and an action under the statute bears no relation to any such injury.

The second section of this act, which excepts the actions of slander, libel, assault and battery and others from the operation of the first section, does not purport to enumerate any actions except those which would otherwise be included within the language used in the first section, and does not enlarge the meaning of the language of the first section. The statute of 1848 providing for this cause of action gives it to the creditors of the corporation, and the debt itself being assignable, it follows that whoever becomes the owner thereof takes as the incident thereof the right to the penalty, and is, by the terms of the statute, entitled to maintain the action.

The statute providing for ratable contribution among the trustees, for the sums collected of either trustee, under the twelfth section of the act, is quite conclusive evidence of the understanding of the framer of the law, that this liability would not otherwise exist, and, therefore, that the cause of action is not one arising out of contract.

We are of the opinion that the order should be affirmed.

All concur.

Order affirmed.