Bockes, J.
Motion to revive and continue the action by and in the name of the personal representative of the plaintiff, who has died since its trial and while the case was in the hands of the trial judge for decision.
The action was by Bonnell, sole plaintiff, against Griswold and others, to recover against them for penalties imposed by section 12 of chapter 40 of the Laws of 1848 and amendments thereof. The plaintiff having died, revivor and continuance of the action are now asked for by his administrator. The answer to the motion is this: that the action being for penalties imposed by statute, abated by the plaintiff’s decease. The death of a defendant in such an action would produce an abatement of it as to such deceased party (Stokes agt. Stickney, 96 N. Y., 323), and as was held in Reynolds agt. Mason (54 How., 213 ; S. C. on appeal, 6 W. D., 531), a like result would follow by the death of the plaintiff. It seems that the affirmance in the last case cited was put solely upon the doctrine of the previous decision in the Bank of California agt. Collins (5 Hun, 209), which, unlike the present, was a case where revivor and continuance was asked for against the executor of a deceased defendant, as in Stokes agt. Stickney.
In Carley agt. Hodges (19 Hun, 187), the decison in the Baulk of California agt. Collins was not deemed applicable or controlling in a case like the present, and it was held in the former case that the right of action survived to the executor of the deceased creditor. The question now before me arising upon the decease of a plaintiff does not seem to have been authoritatively decided, unless we accept Carley agt. Hodges as decisive of it. As a necessary inference it would seem to follow from-many decisions that the action may be continued by and in the name of the personal representative of the deceased plaintiff. Actions based upon a claim that is assignable may be thus revived and continued; and an assignment of such claim against the company would carry a right of action to the assignee for the penalty imposed by section 12 of the Act of 1848 (Pier agt. George, 86 N. Y., 613 ; Bolen *453 agt. Crosby, 49 N. Y., 183; Hoag agt. Lamont, 60 N. Y., 96). So in Stokes agt. Stickney (96 N. Y., 323, above cited), it is said that the statute of 1848, providing for this cause of action, gives it to the creditors of the corporation, and the debt itself being assignable, it follows that whoever becomes the owner thereof takes as the incident thereof the right to the penalty, and is by the terms of the statute, entitled to maintain the action (page 327). This, too, is the doctrine of the decision in Carley agt. Hodges (19 Hun, 187, above cited).
How, the administrator of the deceased plaintiff as such has become the owner of the claim against the corporation, which claim constitutes the foundation of the right of action, with the incident thereof, to wit, the right to the penalty; and, again, quoting from Stokes agt. Stickney, “ is by the terms of the statute entitled to maintain the action.” Indeed an administrator is deemed in law to be the assignee of the assets of the estate which he represents. Judge Denio says, in Zabriskie agt. Smith (13 N. Y., on page 333), “an administrator represents the person of the deceased, and is in law his assignee.”
In view of these decisions in the court of appeals, I think I must hold that this action may be revived and continued by and in the name of the administrator of the deceased plaintiff.
Motion granted.