HENRY PIERSON, Respondent, v. ANDREW N. MORGAN, Appellant.

*N. Y. Supreme Court, First Department, General Term, March* 29, 1886.

*Abatement and Revival. Tort.*—An action to compel the trustees of a corporation to account for property and assets of the company alleged to have been diverted and misapplied, does not abate by the death of one of the trustees, but should be severed and continued as two actions, one against ·the surviving trustees, and the other against the personal representatives of the deceased trustee.

See note at the end of this case.

Appeal by the administratrix of the deceased defendant. from an order of the special term granting plaintiff leave to sever the action and revive it against the said administratrix, and to serve a supplemental summons and complaint, and for other relief.

*P. H. Vernon*, for appellant.

*William C. Trull*, for respondent.

BARTLETT, J.—This action was brought by the receiver of the Widows and Orphans' Benefit Life Insurance Company, against Andrew W. Morgan and fifteen other defendants, as trustees of the corporation, to compel them to account for property and assets of the company to a large amount, alleged to have been diverted and misapplied under the circumstances set out in the complaint. After issue was joined the defendant, Morgan, died and the appellant was appointed his administratrix. Thereupon a motion was made by the plaintiff for an order reviving the action against the administratrix, and for leave to serve a supplemental summons and complaint, and for other relief, including a severance of the action. This motion was granted,.

and from the order entered thereon the administratrix has appealed.

The appellant objects to this order on several grounds. She contends that the cause of action does not survive against the legal representatives of the deceased defendant, Andrew W. Morgan; that there is no provision of law under which an action of tort can be revived or continued against the legal representative of one of several wrong-doers who are sued jointly; and that in any event the action should not have been severed, inasmuch as it is a suit against the trustees of a corporation for a general accounting as such trustees, and is therefore purely equitable in its nature.

We have considered these objections and the arguments by which they are supported, but we do not deem any of them tenable.

Under the Revised Statutes, an action for wrongs done to the property, rights or interests of another for which an action might be maintained against the wrong-doer, can be maintained after his death against his executors or administrators, in the same manner and with like effect in all respects as suits founded upon contracts, except in cases of slander, libel, assault and battery, false imprisonment, or injuries to the person (2 R. S., 447, 448, §§ 1 and 2.) This suit comes within the purview of the statute and therefore did not abate by the death of the defendant Morgan. *Bond* v. *Smith*, 4 Hun, 48.

The counsel for the appellant insists that these provisions cited from the Revised Statutes were intended to apply exclusively to actions at law for the recovery of damages only; and to sustain this proposition he quotes in his brief a section which was proposed by the revisers, but which was not adopted by the legislature, providing that whenever a wrongful act should be done by any person for which an action at law might be brought against him, and such person should die pending suit, his executors or administrators might be substituted as defendants. From this he argues

that the two sections which actually were adopted (2 R. S. 447, 448, §§ 1 and 2), were designed to be limited in their operations solely to actions at law. But it seems to us that the refusal of the legislature to enact this proposed third section, if significant of anything, indicated an intention, not to restrict the application of the other sections to actions at law only, but rather a design to extend them to any suits whether legal or equitable, which might be based upon wrongs done to the property, rights or interests of another. Certainly the language of the sections themselves does not require the adoption of such a construction as to exclude equity suits of this nature from their operation.

The decision of this court in the case of *Bond* v. *Smith* (*supra*), is conclusive against the contention of the appellant that the law does not authorize the revival or continuance of an action of tort against the legal representatives of one of several wrong-doers, sued jointly. In that case, as in this, the action has been severed and the order directing its subsequent prosecution as two actions, one against the surviving defendants and the other against the personal representatives of a deceased defendant, was sustained.

The order appealed from should be affirmed, with costs.

VAN BRUNT, Ch. J., and DANIELS, J., concur.

---

### NOTE ON THE ABATEMENT AND REVIVAL OF ACTIONS IN TORT.

Proceedings upon the death of a party to an action are regulated by sections 755 to 766 of the Code inclusive, but sections 755 and 764 pertain more directly to the abatement and survival of actions in tort. Neither of these sections enumerate the actions or classes of action which survive. Section 755 makes a general statement, that an action does not abate, if the cause of action survives or continues, and leaves the question of survivability to other statutes and the adjudications of the courts. An examination of the decisions will evolve the rules which the courts apply in solving this question.

Section 755. An action does not abate by any event, if the cause of action survives or continues.

Note on the Abatement and Revival of Actions in Tort.

*Abate.*—One of the most comprehensive rules in determining the question whether or not the cause of action survives in favor of, or against, personal representatives, is its assignability. It is the guide for determining for what injuries executors can be sued, as well as for what injuries they can maintain an action. Victory *v.* Krauss, 41 Hun, 533. Actions based upon a claim that is assignable may be revived and continued. Bonnell *v.* Griswold, 15 Abb. N. C. 470. The assignability and survivability of things in action have frequently been held to be controvertible terms, and perhaps furnish as clear and intelligible a rule to determine what injuries to property rights or interests are meant by the statute as it is possible to lay down. Hegerich *v.* Keddie, 99 N. Y. 258, 266. The rights of property only, which are in their nature assignable and capable of enjoyment by an assignee, are those referred to in the statute. Id. While it is true that, at common law, and as a general rule, the qualities of assignability, and survival are tests each of the other, and controvertible terms, as the court of appeals has declared in Hegerich *v.* Keddie, *ante,* and Brackett *v.* Griswold, 103 N. Y., 425, it does not follow that the legislature may not break that connection, and furnish a new and statutory rule of assignability, leaving the law as to the survival of causes of action unchanged. Blake *v.* Griswold, 104 N. Y., 613.

In Fried *v.* N. Y. C. R. R. Co., 25 How. 285, the Court say: If, upon legal rules, injury to the person is the gist of the action, and injury to property or pecuniary interests is merely matter of aggravation, the right of action dies with the person; but if the gist of the action is injury to property or pecuniary rights, the right of action is transferred to the personal representatives, who may recover to the extent that the wrong touched the estate.

The cause of action given by statute to an administrator to recover damages for the death of his intestate, which was caused by the negligence of another, abates upon the death of the wrong-doer, and an action therefor can not be maintained against his representatives. Hegerich *v.* Keddie, *ante.*

The cause of action created by the statute in favor of the personal representatives of the deceased, is new and wholly distinct from, and not a reviver of the cause of action which, if he had survived, the deceased would have had for his bodily injury. Whitford *v.* Panama R. R. Co., 23 N. Y. 465; Murphy *v.* N. Y. C. & H. R. R. Co., 31 Hun, 358; Littlewood *v.* Mayor, 89 N. Y. 24; Perkins *v.* N. Y. C. R. R. Co., 24 Id. 197; Crowley *v.* Panama R. R. Co., 30 Barb. 99.

In Victory *v.* Krauss, *ante,* it was held that a cause of action for injuries resulting from a landlord's knowingly letting unhealthy tenements, whereby the plaintiff's children sickened and died, did not survive the death of the landlord, on the ground that it was an action

for an injury to the person, either of the plaintiff or of another, within the meaning of subdivision 9 of section 3343 of the Code.

An action brought against a plumber for so negligently and improperly making certain repairs in plaintiff's house as to allow the gas to escape from the sewer into the house, and to seriously injure the health of plaintiff and his family, abates, in so far as it is brought to recover damages for personal injuries, by the death of the defendant; and, in so far as it is brought to recover for the damages and expenses occasioned by the sickness of his children, it survives, and may be revived against the defendant's executor. Scott *v.* Brown, 24 Hun, 620.

An action for divorce dies with the plaintiff. Hopkins *v.* Hopkins, 21 W. Dig. 174.

An action by a father to recover the damages occasioned by the seduction of his daughter, is an action on the case in tort, is abated by the death of the defendant, and cannot be revived against his executors or administrators. Holliday *v.* Parker, 23 Hun, 71.

In Best *v.* Vedder, 58 How. 187, an action was brought by the plaintiff against a practicing physician and surgeon, to recover damages alleged to have been caused by his improper and unskillful treatment of plaintiff in his professional capacity, and pending the action, the defendant died. It was held that the injuries alleged were injuries to her person and not to her estate, and that the action does not survive against the defendant executors.

In People *v.* Gibbs, 19 Wend. 29, it was held that an action will not lie against the executors of a sheriff for the default of his deputy in returning process; that, where the cause of action arises *ex delictu,* an action can not be sustained against the representatives of the party who would have been liable if living, although the action is given by statute and is in form ex-contractu, unless the estate of such person was benefited by the act, as where property was tortiously taken and sold, or remains in specie in the hands of the representative.

An action to recover damages for fraud on the part of defendant in inducing plaintiff to marry, and cohabit with him, by means of false and fraudulent representations that his first wife was dead and that he was in all respects competent to marry, does not survive the death of the defendant and cannot be revived against his personal representatives. Price *v.* Price, 75 N. Y. 244. An allegation in the complaint that defendant promised, undertook, covenanted and warranted that he had the right and was in all respects competent to marry, does not change the character of the action from one for injury to the person of the plaintiff. Id.

In Moriorty *v.* Bartlett, 99 N. Y. 651, an action was brought by a wife, under the civil damage act, to recover damages for loss of means of support in selling liquors to her husband which caused his death

as the result of intoxication. The defendant died during the pendency of the action, and, on motion of plaintiff, his executors were substituted as defendants. From the affirmance of that order by the general term, an appeal was taken, and the court of appeals, upon the authority of Hegerich v. Keddie, (Id. 258), reversed the orders of general and special terms and denied the motion.

An action brought by a receiver of a corporation against the trustees to compel them to account for property and assets of the company alleged to have been diverted and misapplied was held in Pierson v. Morgan, reported above, and in 17 N. Y. C. P. 124, to come within the purview of the statute, and not to abate by the death of one of the trustee defendants.

An executor or administrator can not maintain an action upon an express or implied promise to the deceased, where the damage consists entirely of the personal suffering of the deceased, whether mental or corporeal. Zabriskie v. Smith, 13 N. Y. 322, 333. Actions for the breach of a promise of marriage, for unskillfulness of medical practitioners contrary to their implied undertaking, and the imprisonment of a party on account of the neglect of his attorney to perform his professional engagement, fall under this head, being considered virtually actions for injuries to the person. Id. In Wade v. Kalbfleisch, 58 N. Y. 282, an action for a breach of promise of marriage was held not to survive the death of the promissor, and that it cannot be revived against his executors or administrators. The decision was placed on the ground that it was not an action upon a contract, within the meaning of the provisions of the Revised Statutes (2 R. S. 113, sections 2, 3), authorizing the maintenance of actions upon contracts made by a deceased person by his executors or administrators, nor an action within the provisions (2 R. S. 447, §§ 1, 2) authorizing an action by or against executors or administrators for wrongs done to property rights or interests. It does not relate to property interests but to personal injuries.

*Survive.*—Actions for wrongs to the property, rights or interest of another, may be maintained against the executors or administrators of a deceased wrong-doer, where they are not brought for slander, libel assault and battery, false imprisonment, or on the case for injuries to the person of the plaintiff, or of the testator or intestate, of any executor or administrator. Bond v. Smith, 4 Hun, 48.

The rights and interests for tortious injuries to which the statute (chap. 450, Laws of 1847; section 1902 of the Code) preserves the right of action, must be pecuniary rights and interests by injuries to which the estate of the deceased is diminished. Cregin v. B. C. R. R. Co., 75 N. Y. 192; Hegerich v. Keddie, *ante.*

It was held in the case of Webbers' Executors v. Underhill, 19 Wend.

Note on the Abatement and Revival of Actions in Tort.

447, that at common law an action of replevin abated in case of the death of a sole defendant; and in Burkle *v.* Luce, 1 N. Y. 163, that such an action abated in case of the death of a sole plaintiff; but both of these cases were decided before either of the Codes was adopted, and in Roberts *v.* Marsten, 23 Hun, 486, it was intimated, though not decided, that an action of replevin under the Code does not abate upon the death of a sole defendant. In Lehman *v.* Koch, Super. Ct. Buff., March 24, 1890, the defendant in an action of replevin died, and on plaintiff's motion, the personal representative was substituted as defendant in the action.

An action by a city to recover over from a lot owner damages it has been compelled to pay for injuries caused by the lot owner in not keeping the side walk in good repair, cannot be regarded as one *ex delictu,* and does not abate upon the defendant's death. City of Rochester *v.* Campbell, 55 Hun, 138.

In Cox *v.* N. Y. C. & H. R. R. R. Co., 63 N. Y. 414, which was an action against a railroad company to recover damages for injuries sustained by a passenger in consequence of being unlawfully ejected from its cars, the defendant's counsel, as a condition for putting the cause over a circuit, stipulated to the effect that the cause of action should not abate in case of the death of the plaintiff before final judgment should be rendered in the action: that any verdict thereon should be regarded as though rendered in his life time, and that in case of his death before the final determination of the action, his personal representatives might be substitued as plaintiffs upon filing the stipulation. A verdict and judgment were obtained and set aside in plaintiff's lifetime, but before a second trial plaintiff died, and his executors were substituted. And it was held that the stipulation continued in force until final judgment, and saved the cause of action from abating on the death of the plaintiff.

In Yertore *v.* Wiswall, 16 How. 8, it was held that an action for damages by the legal representatives of a person killed by the wrongful act, neglect or default of a common carrier, is sustainable against the representatives of the wrongdoer, for the reason that it is brought for the enforcement of a statutory right of property, and that the form of the action, whether stated as upon contract or for a wrong, or both, is not material.

An action brought by a firm to recover damages for an alleged slander relating to the financial condition and credit of the firm, does not abate by the death of one of the plaintiffs during its pendency. Shale *v.* Schantz, 35 Hun, 622. The entire cause of action in such case vests in the surviving partners, and the action may be continued by them. Id.

An action under the civil damage act brought by a wife to recover

for a horse killed by her husband when intoxicated, does not abate by her death, but can be continued by her representatives. Morenus *v.* Crawford, 51 Hun, 89.

An action by a husband against a carrier of passengers, to recover for the loss of services of his wife, and for expenses paid in consequence of injuries to her person resulting from defendant's negligence while she was a passenger, though grounded in tort, does not abate upon the death of the plaintiff, but may be revived in the name of his personal representatives. Cregin *v.* Crosstown R. R. Co., *ante.* It is within the provisions of the Revised Statutes, preserving from abatement actions for wrongs done to the property, rights or interests of another, and is not included in the exception of actions on the case for injuries to the person of the plaintiff. Id.

A right of action against a vendor of land for fraudulent representations as to an incumbrance, survives against the personal representatives of the original defendant. Haight *v.* Hayt, 19 N. Y. 464.

*What survives.*—The revival of an action does not necessarily carry with it the whole of the prior right of action. Cregin *v.* Crosstown R. R. Co., 83 N. Y. 595. Where a right of action for damages which can survive involves, mingled with it but separable from it, damages of such a character as die with the party, the revival of the action does not draw the latter with it and permit their recovery. Id. In this case, in an action by a husband for a wrongful injury to the person of his wife, it was held that, upon the death of the plaintiff, the right to damages for loss of the wife's services and the expenses necessarily incurred by reason of the injury, survives to his personal representatives, but the right of action for the loss of the society of his wife, and the comforts of that society, dies with him.

Where an act is done to the person of the plaintiff, the pecuniary damages sustained thereby can not be so separated as to constitute an independent action, for the cause of action is single, and consists of the injury to the person; the damages are the consequence merely of that injury, and, where by the terms of the statute such a cause of action abates, the character of the damages cannot save it, Cregin *v.* Brooklyn Crosstown R. Co., 75 N. Y. 192; 83 Id. 595. But where the cause of action is not one enumerated in the statute, the character of the damages may control the question whether there is an injury to the property, rights, or interests of the plaintiff. Id.

*Penalty under manufacturing acts.*—Where the failure to file the report required by section 12 of chap. 40, Laws of 1848 occurs after the death of the creditor, the trustees are personally liable to his executor. Carley *v.* Hodges, 19 Hun, 187.

In Bonnell *v.* Griswold, 15 Abb. N. C. 470; 8 N. Y. C. P. 280, it was held that a cause of action against the trustees of a manufacturing corpora-

tion for the penalties imposed by section 12, chap. 40. Laws of 1848, does not abate on the death of the plaintiff, but may be continued in the name of the executor or administrator.

So, in Zoller *v.* O'Keefe, 15 Abb. N. C. 483, it was held that an action to charge the trustees of a manufacturing corporation for its debt by reason of default in filing the annual report, does not abate by the death of the plaintiff. But see the contrary doctrine laid down in subsequent cases herein cited.

The action given by the statute against the trustees of a corporation for a failure to file the report required thereby, does not survive against the executor of a deceased trustee. Bank of California *v.* Collins, 5 Hun, 209.

And in Reynolds *v.* Mason, 54 How. 213; 6 W. Dig. 531, an action was brought by a creditor of a corporation organized under chap. 40 of Laws of 1848, against a trustee, to enforce the liability created by section 12 of such act, for a failure to file an annual report, and it was held that the cause of action did not survive the plaintiff's death.

The right of action under section 21, chap. 611, Laws of 1875, which provides that any director of a corporation created under that Act shall be liable for all debts incurred while he was a director thereof, if he shall sign any certificate or report or public notice made by its officers, which is false in any material particular, dies with the creditor, unless judgment has been actually recovered during his lifetime. Dalton *v.* Godwin, City Ct. N. Y., May 31, 1889, Brackett *v.* Griswold. 103 N. Y. 425; Boyle *v.* Thurber, 30 Hun, 259.

In Stokes *v.* Stickney, 96 N. Y. 323, it was held that a cause of action against a trustee of a corporation organized under the general manufacturing act of 1848, to recover the penalty imposed by section 12 of act, because of failure to make and file an annual report, is not within the provisions of the statute authorizing the survivorship of certain actions for tort (2 R. S. 448, section 1); and that upon the death of the defendant the action cannot be revived against his personal representatives. The second section of the last named act, which excepts the actions of slander, libel, assault and battery and others from the operation of the first section, does not purport to enumerate any actions save those which would otherwise be included within the language used in, and does not enlarge the meaning of the language of, the first section. Id.

The death of the plaintiff pending an action against the trustees of a manufacturing corporation, for the penalty prescribed by section 15 of chap. 40, Laws of 1848, for making a false report, terminates the action. The action does not survive to the representative. Brackett *v.* Griswold, *ante.* But so far as an action under this act is for a conspiracy to cheat or defraud, it involves an injury to property rights, and survives.

The right of action in favor of a creditor against a director of a

corporation, under section 21, chap. 611 of Laws of 1875, for signing a false report as to the company's condition, does not survive the death of the creditor. Dalton *v.* Godwin, *ante.*

In Boyle *v.* Thurber, *ante,* it was held that the liability created by chapter 611 of the Laws of 1875, against the directors of a corporation organized under that act, by reason of their making a false report, abates on the death of the original creditor of the corporation and cannot be revived in favor of, or prosecuted by, his personal representatives.

*Death after verdict, etc.*—Section 764. After verdict, report, or decision, in an action to recover damages for a personal injury, the action does not abate by the death of the party, unless the verdict, report, or decision is finally set aside. Unless it is finally set aside, the subsequent proceedings, including an appeal from an order setting it aside, or from a judgment or order reversing or setting aside a judgment entered thereupon, are the same, as in a case where the cause of action survives.

The amendment of 1881 to section 764 of the Code struck out the restriction that the provision should not apply, if the verdict, report, or decision was finally set aside, and other words which depend upon that restriction. The section as amended reads as follows:

Section 764. After verdict, report, or decision in an action to recover damages for a personal injury, the action does not abate by the death of a party, but the subsequent proceedings are the same as in a case where the cause of action survives.

This section was further amended in 1890, to take effect Sept 1, 1890, and as so amended reads as follows:

Section 764. After verdict, report or decision, in an action to recover damages for a personal injury, the action does not abate by the death of a party, but the subsequent proceedings are the same, as in a case where the cause of action survives. And in case said verdict; report or decision is reversed upon questions of law only, said action does not abate by the death of the party against whom the same was rendered.

Section 765. This title does not authorize the entry of a judgment against a party, who dies before a verdict, report, or decision is actually rendered against him. In that case, the verdict, report, or decision is absolutely void.

The rule of the common law governs the question as to the survivability of a cause of action, to recover the penalty imposed by chap, 40, Laws of 1848 upon a trustee of a corporation organized under it, who has joined in making a false annual report; it is not effected by any provision of the Code, and the action abates upon the death of either party. Blake *v.* Griswold, *ante.* But, where the plaintiff in

such an action dies after the rendition of judgment, the cause of action becomes merged in the judgment, which may be assigned, and passes as assets to the representatives of the deceased party, who are entitled to be substituted in his place. Id. In this case, the appeal to the court of appeals was heard without knowledge of the death of the plaintiff and the judgment was affirmed; but on granting an order for substitution, the court affirmed the judgment in favor of the substituted representative.

In Carr *v.* Risher, Supm. Ct., Sp. T., January 21, 1889, the plaintiff in an action against a trustee of a manufacturing corporation for failure to file the annual report, died after the reversal of a judgment, by the general term, in his favor, and a new trial ordered, and a motion was made to revive the action by his executrix, and it was held that the action did not abate, but might be revived for the purpose of an appeal to the Court of Appeals. The decision went upon the ground that the cause of action, though it would abate upon death before judgment, became merged in the judgment, and that, notwithstanding the reversal, the right to reinstate it by appeal continued to exist, and for this purpose a qualified plaintiff must be substituted. Such substitution and revival are not allowable for the purpose of a retrial in the court below.

When this case went to the Court of Appeals, it was held that it was a penal- action, properly characterized as *ex delicto*, and, if either party had died at any time before verdict, it would have absolutely abated; Carr *v.* Risher, 119 N. Y. 117; Stokes *v.* Stickney, 96 N. Y. 323; Brackett *v.* Griswold, *ante*; Blake *v.* Griswold, *ante*; but that the action having proceeded to judgment before the death of either party, did not absolutely abate, as the reversal was not final and the law gave opportunity by appeal for the restoration of the judgment. Where both parties have died, there can never be a new trial of the issues in such an action after the reversal of the judgment, because there is no one living legally bound to respond for the wrong, or who can legally ask for its address. Id.

Section 764 of the Code applies to cases where a verdict, report or decision is obtained and remains unopened, unreversed and unimpaired at the time of the death of the creditor. It was never intended to apply to an inquest or default opened during the lifetime of the party. Smith *v.* Lynch, 12 N. Y. C. P. 348. In this case, a judgment in favor of the plaintiff, in an action for personal injuries, taken by default, was opened, but allowed to stand as security, and afterward, and before the trial, the plaintiff died, and it was held that the cause of action did not survive, but that the action abated.

In Pessini *v.* Wilkins, N. Y. Super. Ct., December 31, 1886. an action was brought under the statute against two copartners to recover damages alleged to have been sustained by reason of the death of plaint-

iff's son, which was caused by the negligence of a driver of one of de. fendant's stages. Before the trial, one of the defendants died, and the action was continued against the other defendant as the survivor of the firm. On the trial the plaintiff was nonsuited and judgment was entered thereupon dismissing the complaint. The plaintiff appealed to the general term, but before the appeal was heard, the sole surviving defendant died, and plaintiff procured an order continuing the action against his executrix. On appeal from such order, it was held that the cause of action abated with the death of the surviving partners, that section 764 of the Code only applies where there is remaining in force at the time of the death a verdict or decision in favor of the party desiring to continue the action, that the plaintiff in this case was bound to show that at the time of the survivor's death there was remaining in force a verdict or decision in her favor, and that the nonsuit was a decision against her.

In Kelsey *v.* Jewett, 34 Hun, 11, the plaintiff, in an action to recover damages for personal injuries occasioned by the negligence of the defendant, recovered a judgment, which on appeal was reversed, and a new trial granted. After such reversal, plaintiff died, and his administrators were substituted in his place and allowed to file a supplemental complaint to which the defendant demurred, upon the ground that it did not state facts sufficient to constitute a cause of action, and the demurrer was sustained for the reason that the action had abated upon the death of the original plaintiff. If a verdict for a personal injury is set aside, the cause of action abates if the plaintiff dies before another trial is had and another verdict obtained. Id. The case then stands the same as though no verdict or decision had been rendered, with the issues untried and undetermined. Id.

The rule of the common law that an action for a recovery of damages for a personal injury abates on the death of the plaintiff is not changed by section 764 of the Code, unless a verdict, report or decision has been rendered upon the issues. Corbett *v.* Twenty-Third St. R. Co., 114 N. Y. 579. Neither a nonsuit, nor an order of the general term reversing the judgment entered on the nonsuit, is a decision within the meaning of said section. Id. A stipulation for judgment absolute, in case of affirmance, given by defendant on appeal to the Court of Appeals from the general term order of reversal, does not prevent the abatement of the action, where the plaintiff dies after the appeal. Id.

In Stringham *v.* Stewart, 22 Abb. N. C. 281, the plaintiff recovered a judgment in an action to recover damages for personal injuries, and said judgment was reversed by the Court of Appeals, and a new trial was ordered. After this reversal, the defendant died, and defendant's executors made a motion in the Court of Appeals to amend the remittitur of the court by striking out the provision ordering a new trial,

on the ground that, as the defendant has died, no new trial can be had; and the court granted the motion.

An action for damages for a purely personal wrong does not abate by the death of the plaintiff after verdict in his favor. Wood *v.* Phillips, 11 Abb. N. S. 1. And where the verdict has been set aside, whether before or after the death of the party, the representatives are entitled to prosecute an appeal for the purpose of having it restored. Id. In this case, the death appears to have taken place after an order for a new trial was granted, but it was held that this fact does not change substantially the rights of the parties.

Where, in an action of assault and battery, the defendant has died since the trial was had, and judgment entered in plaintiff's favor, and the court of appeals, on appeal, reverses the judgment, it will be done without a new trial, for no new trial of the issue can lawfully take place, since the cause of action is not one that survived the defendant's decease. Comstock *v.* Dodge, 43 How. 97.

It was held in Benjamin's Executors *v.* Smith, 17 Wend. 208, that, where there is a verdict for a defendant in an action for a false return, and, upon plaintiff's application, a new trial is granted, but pending such motion the plaintiff dies, the suit abates, and cannot be revived by his executors.

Section 757. In the case of the death of a sole plaintiff, or a sole defendant, if the cause of action survives or continues, the court must, upon a motion allow or compel the action to be continued, by or against his representative, or successor in interest.

*Sole parties.*—The provisions of section 757 of the Code, providing for the continuance of an action in case of the death of a sole plaintiff or a sole defendant, when the cause of action survives, applies to a case where a sole plaintiff and a sole defendant are both dead. Holsman *v.* St. John, 90 N. Y. 461.

Where all of several defendants but one have died, and the right of action has survived against him, he is a sole defendant within the meaning of the provisions of section 757 of the Code, and upon his death the action may be revived by motion against his representatives. Coit *v.* Campbell, 82 N. Y. 509. It is, however, only to the case of a sole defendant that this section applies, and the action can be continued under it only against the representative or successor in interest of such sole defendant. Id. See Palen *v.* Bushnell, 51 Hun, 423, 426.

Where one of the defendants dies before judgment in an action to recover a judgment for the damages which the plaintiff has sustained through the fraudulent conduct of the defendants in overdrawing money, the action survives, but cannot be revived as a joint one against the survivor and the personal representatives of the deceased

Note on the Abatement and Revival of Actions in Tort.

defendant; it may, it seems, be revived as separate actions. Union Bank *v.* Mott, 27 N. Y. 633.

In Lyon *v.* Park, 111 N. Y. 350; 16 N. Y. C. P. 109, an action was commenced in 1877 to recover damages for alleged fraud and conspiracy, and an order was granted and served, requiring plaintiff who was a non-resident to file security for costs within sixty days and staying all proceedings on his part until compliance, but plaintiff failed to file a bond. One of the defendants died in 1882, and the other defendant in 1884, and in 1886 plaintiff moved to revive and continue the action against the personal representatives of the defendants. The defendant who died in 1884 was a resident of the State of Vermont, and though letters of administration on his estate were issued in that state, none, either ancillary or original were issued in this state. It was held that, even though the court was required to allow or compel an action to be continued, on motion, on the death of a sole plaintiff or sole defendant, (as to which, *quære*), under section 757 of the Code, it has no application here, as the defendant, who first died, was not a sole defendant, and the other defendant, who upon his co-defendant's death, became sole defendant, was alone within the provision of such section, but over his administrator the court has no jurisdiction.

*Terms.*—In an action for a tort, for which the defendants are separately as well as jointly liable, the order of revival may properly provide for the division or separation of the action, and for its subsequent prosecution as two actions, one against the surviving defendants, and the other against the personal representatives of the deceased defendant. Bond *v.* Smith, *ante*, Pierson *v.* Morgan, *ante*. And where, in such a case, the plaintiff has been partially examined as a witness in his own behalf on the trial before a referee, the order may also provide that every act and proceeding, done or taken in the cause previous to the decease of one of the defendants, should be valid and of like force and effect in each of the separate actions as though they had been separately brought and prosecuted, without prejudice to an application to strike out such portions of his evidence as would be incompetent as against the personal representatives of the deceased defendant. Id.

The court held in Palen *v.* Bushnell, 51 Hun, 423, that it was purely a matter of discretion to be exercised by the court below whether, in granting an order of revival, the proceedings and testimony upon the trial should be permitted stand.

In this case, a receiver in proceedings supplementary to execution commenced an action against the judgment debtor and a grantee to set aside a conveyance of real and personal property made without consideration and with intent to hinder, delay and defraud the creditors of

the grantors, and sought an accounting concerning such property, while a reference was pending for this purpose, the grantee died, and an order was made reviving and continuing the action against his executors. Upon an appeal from this order, the defendant claimed that the plaintiff had no title to the cause of action, because the order appointing the receiver was irregular. It was held that this question could not be disposed of upon affidavits, but must be presented as a defense upon the trial of the action.