EDWIN MAXON, RESPONDENT, v. THE DELAWARE LACKAWANNA AND WESTERN RAILROAD COMPANY, APPELLANT.

*An action by a husband to recover damages for the loss of his wife's services, by reason of the defendant's negligence, may be brought within six years — an action to recover for loss of comfort or society must be brought within three years.*

In this action, brought to recover damages which the plaintiff alleged he had sustained by reason of the loss of services, society, etc., of his wife in consequence of an injury received by her through the negligence of defendant's servants whilst she was a passenger upon the defendant's cars, the defendant set forth in his answer as a second defense that the cause of action set forth in the complaint did not accrue to the plaintiff within three years next preceding the commencement of the action.

*Held*, that a demurrer, interposed to this defense by the plaintiff, should be sustained.

That the answer, being to the entire cause of action alleged in the complaint, was too broad and consequently demurrable for the reason that, in so far as the action was brought to recover damages for the loss of the services of his wife, it was an action to recover damages for an injury to property which could be brought within six years.

*Groth* v. *Washburn* (34 Hun, 509) followed.

*It seems*, that had the defendant interposed the answer as a partial defense, or a defense to that part of the complaint which sought to recover a judgment upon the ground of loss of comfort or society, the answer would not have been demurrable.  (Per HAIGHT, J.; BARKER, J., concurred.)

*Cregin* v. *The Brooklyn Cross-Town Railroad Company* (83 N. Y., 595) followed.

APPEAL from an interlocutory judgment, entered in Livingston county sustaining the demurrer of the plaintiff to the second befense set up in defendant's answer.

*Charles J. Bissell*, for the appellant.

*F. C. Peck*, for the respondent.

HAIGHT, J.:

This action was brought to recover damages which the plaintiff is alleged to have sustained by reason of the loss of services, society, etc., of his wife in consequence of an injury received by her through

the negligence of defendant's servants, whilst she was a passenger upon the defendant's cars. The second defense set forth in defendant's answer is that the cause of action set forth in the complaint did not accrue to the plaintiff within three years next preceding the commencement of the action. To this defense the plaintiff demurred, and from the interlocutory judgment sustaining such demurrer this appeal was brought.

Section 382, subdivision 3 of the Code of Civil Procedure, provides that an action to recover damages for an injury to property or a personal injury, except in a case where a different period is expressly prescribed, must be brought within six years. Section 383, subdivision 5, provides that an action to recover damages for a personal injury resulting from negligence must be brought within three years. Subdivision 9 of section 3343 provides that a personal injury includes libel, slander, criminal conversation, seduction and malicious prosecution; also an assault, battery, false imprisonment or other actionable injury to the person either of the plaintiff or of another. Subdivision 10 of the same section provides that an injury to property is an actionable act whereby the estate of another is lessened other than a personal injury or the breach of a contract. The question is, therefore, whether the cause of action is one for an injury to property or for a personal injury as defined by the Code. If it is for an injury to property then the plaintiff had six years within which to bring this action, and the demurrer was properly sustained; if, however, the action was for a personal injury resulting from negligence, then the three years statute of limitation applies and the demurrer was improperly sustained.

This question has already received attention in the case of *Groth* v. *Washburn* (34 Hun, 509), in which case the action was brought by a husband to recover damages for the loss of services of his wife and for moneys expended for necessary medical aid and attendance upon her during her illness, occasioned from injuries inflicted by reason of the defendant's negligence. In that case it was held that the action was for an injury to property and was within the six year limit. So far as this case goes we have no question as to the correctness of the decision. As reported, it does not appear that the plaintiff sought to recover damages by reason of the loss of comfort and society of his wife, whilst in the case under considera-

tion such a recovery is sought. To this extent the action would be for a personal injury.

In the case of *Cregin* v. *The Brooklyn Cross-Town Railroad Company* (83 N. Y., 595), a similar action was brought by a husband. He having died during the pendency of the action, his administrator was substituted as plaintiff and the action continued. Upon the trial a recovery was had for the damages sustained for the loss of service of the wife as well as for the comfort and society which he would have enjoyed up to the date of his death. The judgment, however, was reversed in the Court of Appeals, that court holding that as to the loss of services and money expended in medical attendance, etc., it was a case in which the estate of the husband was lessened and was therefor an injury to property, and survived the death of the husband, but in so far as the action was to recover for the comfort and loss of the society of the wife there was no lessening of his estate, and it was not for an injury to property and therefore did not survive. The complaint has united both claims in one cause of action, they both having arisen out of the same transaction. The defense demurred to is that the entire cause of action alleged in the complaint did not accrue within three years. Section 507 of the Code, among other things, provides that unless an answer is interposed as an answer to the entire complaint it must distinctly refer to the cause of action which it is intended to answer. Section 508 provides that " a partial defense may be set forth as prescribed in the last section, but it must be expressly stated to be a partial defense to the entire complaint, or to one or more separate causes of action therein set forth. Upon demurrer thereto, the question is, whether it is sufficient for that purpose." The answer being to the entire cause of action alleged in the complaint was too broad, and consequently was demurrable for the reason that as to a part of such action it was for an injury to property which could be brought within six years. Had the defendant interposed the answer as a partial defense or as a defense to that part of the complaint which seeks to recover a judgment upon the ground of loss of comfort or society, the answer would not have been demurrable. For that part of the claim would be within the statute which requires the action to be brought within three years.

The interlocutory judgment should be modified so as to permit

the defendant to amend the answer within twenty days on payment of the costs of the demurrer and of this appeal, and as so modified affirmed.

BARKER, P. J., concurred; BRADLEY and DWIGHT, JJ., concurred in result on authority of *Groth* v. *Washburn* (34 Hun, 509).

So ordered.