## ALLEN *v.* MANHATTAN RY. Co.

*(Superior Court of New York City, General Term.* January 11, 1892.)

CARRIERS—INJURY TO PASSENGER—DAMAGES.

For an injury to plaintiff's wife, caused by the wrongful act of defendant carrier, consisting of a fracture of the *scapula*, which never united, but left her permanently disabled in her arm and shoulder, compelling the wearing of an iron frame, and causing constant pain with any exertion, $3,000 damages for plaintiff's pecuniary loss is not excessive.

Appeal from jury term.

Action by Charles Gorham Allen against the Manhattan Railway Company to recover for an injury to plaintiff's wife, caused by the alleged wrongful act of defendant. Defendant appeals from a judgment entered upon a verdict for plaintiff for $3,000. Affirmed.

Argued before FREEDMAN, P. J., and McADAM and GILDERSLEEVE, JJ.

*Davies & Rapallo,* (*Julien T. Davies* and *Brainard Tolles,* of counsel,) for appellant. *Edward S. Fowler,* (*Abel E. Blackmar,* of counsel,) for respondent.

McADAM, J. The action was brought by the plaintiff to recover his pecuniary loss resulting from an injury done to his wife by the wrongful act of the defendant. On Christmas night, 1888, the plaintiff, his wife, and two young nieces started to go from the lower part of the city to plaintiff's home near Seventy-Second street and Ninth avenue. They took a train on defendant's elevated road, and, on reaching the station at Seventy-Second street and Ninth avenue, started to get out. The plaintiff started first, the two little girls following, and Mrs. Allen being last. Before Mrs. Allen could get off, the train started, and, as she stood in the open door of the car platform, she was told by the guard to get off. She said, "How can I, when the train is in motion?" The guard then said, "Get off, I say;" and putting his hand on her back, pushed her. Mrs. Allen was lame, having a stiff knee; and when she was pushed she fell off the platform of the cars upon the platform of the station, and the train, which was full of passengers, passed on, leaving Mrs. Allen, with the plaintiff and two little girls, on the platform. The result of the fall was a fracture of the *scapula* of the left shoulder, which never united, and which left her permanently disabled in her left arm and shoulder. The injury is claimed to be incurable, and she is compelled to wear an iron frame about her body, to support the shoulder; and even then it is claimed that she can make no exertion without constant pain. It is also claimed that some of the muscles were permanently detached from the shoulder.

The jury having found in favor of the plaintiff, their verdict settles the facts to be as stated. The proofs satisfactorily establish the result reached by the jury, so that we need not trouble ourselves with the conflict in evidence which arose during the trial. The jury brought in a verdict in favor of the plaintiff for $3,000, and the defendant claims that the amount is excessive. It is a recognized rule of law that in actions of this kind the loss of the society and companionship of the wife is an element of damage, in addition to the loss of service. *Maxon* v. *Railroad Co.,* 48 Hun, 172; *Cregin* v. *Railroad Co.,* 83 N. Y. 595; 3 Bl. Comm. 140; Schouler, Husb. & Wife, § 143; Stew. Husb. & Wife, § 77; *Smith* v. *St. Joseph,* 55 Mo. 456; *Brockbank* v. *Railroad Co.,* 7 Hurl. & N. 834; *Jones* v. *Railroad Co.,* 40 Hun, 349. The claim comprehends the loss which continues during the life of the wife. *Green* v. *Railroad Co.,* 2 Abb. Dec. 277. The plaintiff's wife was no doubt permanently injured, and his loss will continue during her life. In view of the facts, the recovery was not excessive, but moderate. We have examined the various exceptions taken during the trial to the judge's charge,

and to the requests to charge, and find them to be without merit. It follows that the judgment and order appealed from must be affirmed, with costs. All concur.