### FOELS *v.* TOWN OF TONAWANDA.

*(Supreme Court, General Term, Fifth Department.   October 21, 1892.)*

REVIVAL OF ACTIONS—DEATH OF PLAINTIFF.
    A cause of action for expenses of medical treatment of plaintiff's wife, who was alleged to have been injured by defendant's negligence, is "for wrongs done to the property, rights, and interests," within 2 Rev. St. p. 447, § 1, and survives plaintiff's death, but not a cause of action for loss of the services and society of the wife.

Appeal from special term, Erie county.

Action by Sophia Foels, as administratrix, etc., against the town of Tonawanda.   From an order continuing the action in the name of plaintiff as the personal representative of the original plaintiff, who died after issue joined and before trial, defendant appeals.   Affirmed.

For action by plaintiff in her own behalf, see 14 N. Y. Supp. 46.

Argued before DWIGHT, P. J., and MACOMBER and LEWIS, JJ.

*C. W. Sickmon*, for appellant.     *W. B. Simpson*, for respondent.

DWIGHT, P. J.   The sole question in the case was whether the cause of action survived.   It was for loss of the services and society of the wife of the original plaintiff, and for the expenses of medical attendance and treatment, paid by him; the allegation being that such loss and expense resulted from a bodily injury sustained by the wife through the negligence of the defendant. The case is in all its material features the same as that of *Cregin* v. *Railroad Co.*, 75 N. Y. 192, and the law of that case is the law of this.   Its authority has never been questioned, and its doctrine, to the extent necessary to uphold the order here appealed from, was reaffirmed on a subsequent appeal in the same case.   *Cregin* v. *Railroad Co.*, 83 N. Y. 595.   The first appeal in the case cited was from an order to the same effect as the order here, and it was affirmed.   The court held—RAPALLO, J., writing the opinion—that, while the action was one grounded in tort, it was, nevertheless, within the provision of the Revised Statutes, (2 Rev. St. p. 447, § 1,) being an action "for wrongs done to the property, rights, and interests" of the plaintiff, and that it was not within the exception of the same statute, (Id. § 2,) it not being "for injuries to the person of the plaintiff;" and therefore the cause of action survived, and was assignable.   The damages claimed in that case, as in this, were twofold, viz.:   (1) For loss of the services and society of the wife, and

(2) for the expenses of her medical attendance and treatment, paid by the plaintiff. On the first appeal,—the only question being whether a cause of action survived to the personal representative,—the order was affirmed without discriminating between the two branches of the claim for damages. On the trial the case was submitted to the jury, and a recovery was had on both branches of the claim. On the second appeal, which was from the judgment entered on the verdict, the court held that the cause of action of the husband for the loss of the services and society of his wife was purely personal, and did not survive his death; but the doctrine of the survival of the cause of action for money paid out by him for the medical care and treatment of his wife was reaffirmed. The case as made and determined on both appeals is therefore complete authority for the order here appealed from.

The definition of the term "personal injury," by the Code of Civil Procedure, § 3343, subsec. 9, has no application to this case. The definitions of that section affect only terms employed in the statute of which it is a part, viz., in the Code of Civil Procedure. See the introductory clause of the section. They do not affect the terms employed in the provision of the Revised Statutes, *supra,* upon which the decision of this case depends. The order appealed from should be affirmed.

Order appealed from affirmed, with $10 costs and disbursements. All concur.