JAMES CREGIN, Respondent, *v.* THE BROOKLYN CROSSTOWN RAILROAD COMPANY, Appellant.

An action by a husband against a carrier of passengers, to recover for the loss of services of the wife, and for expenses paid in consequence of injuries to her person resulting from defendant's negligence while she was a passenger, is an action grounded in tort.

Such an action, however, does not abate upon the death of the plaintiff, but may be revived in the name of his personal representatives; it is within the provision of the Revised Statutes (2 R. S., 447, § 1), preserving from abatement actions "for wrongs done to the property, rights or interests of another," and is not included in the exception in the provision following (§ 2), of "actions on the case for injuries to the person of the plaintiff."

*Wade* v. *Kalbfleisch* (58 N. Y., 282), distinguished.

(Argued October 1, 1878; decided November 12, 1878.)

APPEAL from order of the General Term of the City Court of Brooklyn, affirming an order of Special Term continuing this action in the name of Thomas Cregin as administrator of the plaintiff, he having died pending the action.

This action was brought by plaintiff to recover for the loss of the services and society of his wife, and for expenses of medical attendance, etc., the complaint alleging, in substance, that defendant received the wife of the plaintiff upon one of its cars as a passenger, that she paid her fare and that through the negligence of defendant and its servants she was thrown down and seriously injured.

*Winchester Britton*, for appellant. This action did not survive but died with the plaintiff. (*Carroll* v. *S. I. R. R. Co.*, 65 Barb., 32; 58 N. Y., 126; *Fried* v. *N. Y. C. R. R. Co.*, 25 How. Pr., 287; 1 Saunders, 216; *Hayden* v. *Vreeland*, 8 Vroom., 372; 18 Am. R., 723; *Sherington's Case*, Cowper, 576; *Humbly* v. *Prott*, id., 376; *Haight* v. *Hoyt*, 19 N. Y., 467; 2 Wms. on Exrs., 1470; 1 id., 670; *People* v. *Gibbs*, 9 Wend., 29; 2 Add. on Torts, 538, note; Freem., 225; Yelv., 89; *Jeanes* v. *Davis*, 3 Penn. L. J. R., *406; *Green*

v. *H. R. R. Co.*, 3 Abb. Ct. App. Dec., 278; *Wade* v. *Kalbfleisch*, 58 N. Y., 282, 287; *George* v. *Van Horn*, 9 Barb., 523; *People* v. *Tioga C. P.*, 19 Wend., 73; *McKee* 'v. *Judd*, 2 Kern., 622; *Howard* v. *Peck*, 50 Barb., 202; *Zabriskie* v. *Smith*, 13 N. Y., 322; *Hyslop* v. *Randolph*, 11 How., 97; *Lamphere* v. *Hall*, 26 id., 509; *Bk. of Cal.* v. *Collins*, 5 Hun, 209; *Gram* v. *Spier*, 58 Barb., 386; *McKee* v. *Judd*, 2 Kern., 625; *Fried* v. *N. Y. C. R. R. Co.*, 25 How. Pr., 286.)

*J. Warren Lawton*, for respondent. The actions founded in tort which do not survive are limited to the exceptions in section 2 of 3 Revised Statutes [Bank's 6th ed.], 732. (*Haight* v. *Hayt*, 19 N. Y., 467–474; *Fried* v. *N. Y. C. R. R. Co.*, 25 How. Pr., 286–288.) This action though in form for a wrong is founded on contract. (*Campbell* v. *Perkins*, 8 N. Y., 438–441; *Cox* v. *N. Y. C. and H. R. R. R. Co.*, 63 N. Y., 421.)

RAPALLO, J. We think the appellant is correct in the position that this is an action grounded in tort. The complaint alleges that the defendant received plaintiff's wife in one of its cars as a passenger; that she paid her fare, and while she was such passenger she was thrown down and injured by the negligence of the defendant. No contract with the plaintiff is alleged, and the *gravamen* of the complaint is the wrongful injury to the person of his wife.

The cause of action is therefore one which at common law would have abated by the death of the plaintiff, and the only point to be considered is whether under the provisions of 2 Revised Statutes, 447, sections 1 and 2, it survives.

Section 1 preserves from abatement by death, actions "for wrongs done to the property, rights, or interests of another." This language is very broad and embraces a large class of actions. It is not confined to direct injuries to property, but includes all injuries to the rights or interests of a deceased party, except such as are enumerated and exempted in the

following section : No. 2. These are, actions for slander, libel, assault and battery, false imprisonment, and actions on the case for injuries to the person *of the plaintiff.* These exceptions necessarily prevent the surviving of any action for slander, libel, assault and battery or false imprisonment, or for any injury to the person of any deceased plaintiff, however seriously such injury may have affected his property or estate. But they do not cover an action for a wrong done to his rights or interests, even though this wrong may have been effected by means of an injury to the person, provided the injury was not to the person of the plaintiff, but of some other party.

The rights and interests, for tortious injuries to which this statute preserves the right of action, have frequently been considered, and it is generally conceded that they must be pecuniary rights or interests, by injuries to which the estate of the deceased is diminished. The exceptions in the statute are such as scarcely to leave any conceivable action for injuries to other rights uncovered by them. But where an injury to pecuniary interests is shown, the intent of the statute seems plain that the cause of action shall survive, notwithstanding that such injury be caused by a tort, provided it be not one of the torts specifically mentioned and excepted in section 2. All pecuniary injuries (not resulting from the enumerated and excepted causes, such as assault and battery, slander, etc.), are placed upon the same footing when occasioned by a tort, as if arising from breach of contract, and such is the language of the statute  It declares that for wrongs done to the rights or interests of another (except the specified wrongs) the cause of action shall survive in the same manner and with the like effect in all respects as actions founded upon contracts. In *Haight* v. *Hayt* (19 N. Y., 464, 468), it is said by GROVER, J., that the exceptions contained in the second section manifest the intention of the Legislature that all other actions founded upon torts should survive. And in the same case at page 474, DENIO, J., says that the action (which was for false representations), was for a " wrong done "

to "the rights and interests" of the plaintiffs, and the exception in section 2 shows, if there was otherwise any doubt, that the prior section was intended to embrace this case.

The wrong done in the present case is alleged in the complaint to have been a wrongful injury to the person of the plaintiff's wife, whereby she was rendered permanently unable to attend to her household and other duties and the plaintiff was obliged to expend sums of money in procuring medicines and necessaries and employing physicians to treat her for her injuries, and that he had been and would be permanently deprived of her services and comforts.

This we think was a wrong done to the rights and interests of the husband. He had a right to the services of his wife, they were of pecuniary value to him, and any wrong, by which he was deprived of those services, or put to expense to remedy or palliate the consequences of the injury to his wife, was a wrong done to his rights and interests. Adopting the construction that pecuniary rights and interests only are protected by the statute, these were plainly involved, and if the pleader had left out the word "comforts," the complaint would have disclosed an injury to pecuniary interests exclusively. We do not think that because in addition to the injury to these interests, the personal comfort of the plaintiff was interfered with, that circumstance should deprive his representatives of their remedy for the pecuniary injuries which he sustained, and which diminished his estate, nor do we think that it can be laid down as a rule of universal application to all classes of society that in such a case the injury to the personal feelings and comfort of the husband is the *gravamen* of the wrong and the pecuniary injury a mere incident, of which the law will not take notice independently of the former.

Where an injury is done to the person of *the plaintiff* the pecuniary damage sustained thereby cannot be so separated as to constitute an independent cause of action, for the cause of action is single, and consists of the injury to the person; the damages are the consequence merely of that injury and

where by the terms of the statute such a cause of action abates, the character of the damages cannot save it. But where the cause of action is not one of those enumerated in the statute the character of the damages may control the question whether there is an injury to the property, rights, or interests of the plaintiff.

The case of *Wade* v. *Kalbfleisch* (58 N. Y., 282) does not conflict with these views. The question of law involved in that case was whether the action was on contract, or for a personal injury. The majority of the court held that it was an action for a personal injury, and that although pecuniary interests might be incidentally involved, the injury to them did not constitute the cause of action. This clearly appears from the prevailing opinion of CHURCH, Ch. J., who says at page 287, that the action (breach of promise of marriage) was *sui generis;* that the form of action was not material. That the controlling consideration was that it did not relate to property interests, but to personal injuries. Granting that it was not an action on contract, but was one for personal injuries, the conclusion necessarily followed. The injuries were to the person of the plaintiff, and the case was within the very letter of the exception contained in section 2 of the statute. Even though it was a tort affecting the rights and interests of the plaintiff, if it was an injury to her person it could not survive. The present action was for a tort which affected injuriously the rights and pecuniary interests of the plaintiff. It was therefore for a wrong done to those rights and interests, and is covered by section 1 of the statute. The cause of action was not an injury to his person nor any of the others enumerated in section 2, and is not within the exception. It must therefore be held to survive with like effect as if the action were on contract.

The order should be affirmed, with cost.

All concur, except MILLER and EARL, JJ., absent at argument.

Order affirmed.