PATRICK W. MURPHY, as Executor, etc., Respondent, v. THE NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY, Appellant.

*Evidence— examination of a party before trial — when it cannot be read in evidence upon the trial of a new action brought after his death by his executor.*

The plaintiff's testator, having been injured while in the employment of the defendant, brought an action against it to recover damages therefor. In this action he was examined as a witness in his own behalf, before trial. The defendant appeared and cross-examined him. While this action was pending the testator died, and thereafter this action was brought by the plaintiff, his executor, to recover the damages occasioned to the widow and next of kin of the deceased by his death.

*Held,* that the deposition of the deceased taken in the first action, could not, against the defendant's objection, be read in evidence upon the trial of this one.

APPEAL from a judgment, entered upon a verdict in the plaintiff's favor, and from an order denying a motion for a new trial made upon the minutes of the justice before whom the action was tried.

Charles D. Murphy, the plaintiff's testator, received injuries from which he died, while in the defendant's employ and in the line of his duty. The deceased survived the injuries some fourteen months. In his lifetime he commenced an action against the defendant, which was pending at the time of his death. After issues were joined in that action, the plaintiff was examined as a witness in his own behalf, in pursuance of section 870 of the Code of Civil Procedure. On such examination the defendant appeared and cross-examined the deceased. On the trial of this action such examination was read in evidence by the plaintiff against the defendant's objection, and thereupon an exception was taken.

This is an original action commenced after the death of testator, founded upon the act of 1847, chapter 450, and the several acts amendatory thereof.

*Brown & Garfield,* for the appellant.

*J. K. Fuller,* for the respondent.

BARKER, J. :

If the defendant was guilty of a breach of duty which it owed the deceased, as the same is set forth in the complaint, then he in his lifetime had a cause of action against the defendant.

Although the defendant did not make satisfaction of this cause of action in the lifetime of the deceased, by the rules of the common law, the right of action did not survive his death. (Broom's Legal Maxims, 409 ; Chitty's Pleadings, 69 ; *Whitford* v. *Panama R. R. Co.,* 23 N. Y., 465.)

This rule of the common law applied to all actions of tort. Many of such actions were preserved from abatement by death under the provisions of 2 Revised Statutes, 447, §§ 1, 2. By section one, for wrongs done to the property, rights or interests of a deceased person, an action could be maintained by his executors or administrator against the wrong-doer, in the same manner and with a like effect in all respects as in actions founded upon contracts. By the second section it was provided that the provisions of the first section should not extend to injuries to the person of the testator or intestate.

It will be observed, that in actions preserved from abatement by this statute, the recovery was for the benefit of the estate of the deceased person. (*Cregin* v. *Brooklyn Cross-Town R. R. Co.,* 75 N. Y., 192.)

The right of action given by the act of 1847, and as afterwards amended, is for the benefit of the husband, widow and next of kin of the deceased, and the same is required to be prosecuted in the name of his personal representatives.

The right of action given by the act of 1847 (chap. 450) to the personal representatives of one whose death has been caused by the wrongful act or default of another, is a new right of action created by the statute, and is not the mere continuation by the personal representatives of the right of action which the deceased had in his lifetime. (*Littlewood* v. *The Mayor,* 89 N. Y., 24–27 ; *Whitford* v. *Panama R. R. Co., supra ; Perkins* v. *N. Y. C. R. Co.,* 24 N. Y., 197; *Crowley* v. *Panama R. R. Co.,* 30 Barb., 99.)

The statute does not provide for continuing a prior right of action nor for transferring a right of action to other parties. (*Safford* v. *Drew,* 3 Duer., 640 ; *Chicago* v. *Major,* 18 Ill., 349.)

The deposition of the deceased taken in the action prosecuted by him in his lifetime was not competent evidence in the action. That action terminated with the death of the plaintiff therein and all interlocutory proceedings went down with it, and are not saved by section 881 of the Code of Civil Procedure. While the plaintiff is the personal representative of the deceased, the action is prosecuted for the benefit of those who do not claim under him, but is an original cause of action, that did not exist in the lifetime of the deceased.

The defendant sought to maintain on the argument of this appeal, that the plaintiff should have been non-suited upon the whole case, but as there must be a new trial for the error pointed out, we deem it most prudent not to consider the exceptions which go to the plaintiff's right of action, as the evidence upon another trial must necessarily be materially different from what it was on the one under review.

New trial granted, with costs to abide the event.

Present — SMITH, P. J.; HARDIN and BARKER, JJ.

Judgment and order reversed and new trial ordered, costs to abide event.