### STEPHEN v. WOODRUFF et al.

(Supreme Court, Appellate Division, Second Department. May 21, 1897.)

1. DAMAGES—PROXIMATE CAUSE—PLEADING.
   A complaint alleged that by reason of the leaky condition of the roof of plaintiff's residence, wrongfully permitted by defendant's testator, the rain came through on plaintiff's infant daughter while asleep, causing her illness, resulting in permanent injury to her eyes, and that, as the consequence of such illness and injury, plaintiff was deprived of her services. *Held*, that the complaint was not demurrable on the ground that the damages alleged were not the proximate result of the negligence of defendant's testator.

2. ACTION—WHEN CAUSE SURVIVES.
   A cause of action for the loss of the services of plaintiff's infant child, caused by sickness resulting from the leaky condition of a roof wrongfully permitted by another person, survives the death of such other person.

Appeal from special term, Queens county.

Action by Alexander Stephen against Albert G. Woodruff and Sarah F. Woodruff, as executors of and trustees under the will of Albert Woodruff, deceased, to recover damages alleged to have been sustained by plaintiff in consequence of injuries received by his minor child, by reason of the breach of an express warranty of defendants' testator. Defendants demurred to the complaint, on the ground that it did not state facts sufficient to constitute a cause of action. From an interlocutory judgment overruling the demurrer, defendants appeal. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

George C. Brainerd, for appellants.
George William Hart, for respondent.

BRADLEY, J. The plaintiff, by his complaint, charges that by reason of the leaky and impaired condition of the roof of the house in which the plaintiff, with his infant daughter, Katherine, resided, wrongfully permitted by the defendants' testator, the rain came through onto the child while she was asleep in her bed, causing her illness, and resulting in permanent injury to her eyes, partially depriving her of the use of them; and that, as the consequence of

such illness and injury, the plaintiff has been deprived of the work, labor, and services of such infant, and of the sums which she might otherwise have earned, and will be so deprived of them during her minority. The ground of the defendants' demurrer is that the complaint does not state facts sufficient to constitute a cause of action. As the facts are alleged in the complaint, the consequences may be deemed to have been the proximate result of the negligence of the defendants' testator. Scott v. Brown, 24 Hun, 620. It is, however, urged and argued at length by the learned counsel for the defendants that the alleged cause of action did not survive the death of the defendants' testator. We are unable in this respect to distinguish this case, in principle, from that of Cregin v. Railroad Co., 75 N. Y. 192.

Upon the authority of that case, the judgment must be affirmed. All concur.

Defendants may have leave to appeal to the court of appeals, if they so elect.