SIGMUND GORLITZER, Respondent, v. SOLOMON WOLFF-
BERG, Appellant.

Abatement and revival — action for injuries cannot be revived
against personal representative of wrongdoer — effect of sec-
tion 120 of Decedent Estate Law.

The statute in force at the time when the question of survival or
abatement of a cause of action arose is the one that controls. The
statute as it now stands (Decedent Estate Law, Cons. Laws, ch. 13,
§ 120) excepts from causes of action which survive those which are
based on actionable injuries to the person, not only of the plaintiff
but of *another*. (Code Civ. Pro. § 3343, subd. 9.) So held in an
application to revive an action to recover for loss of services of plain-
tiff's wife, which resulted from her personal injuries, against the
personal representative of the wrongdoer.

*Gorlitzer* v. *Wolffberg*, 148 App. Div. 917, reversed.

(Submitted April 16, 1913; decided June 3, 1913.)

APPEAL, by permission, from an order of the Appellate
Division of the Supreme Court in the first judicial depart-
ment, entered February 23, 1912, which affirmed an order
of Special Term granting a motion to substitute the
administratrix of Solomon Wolffberg, deceased, the orig-
inal defendant, as defendant in this action.

The facts, so far as material, and the question certified
are stated in the opinion.

*Jacob M. Guedalia* for appellant. The cause of action
does not survive. (*Hegerich* v. *Keddie*, 99 N. Y. 267;
*Moriorty* v. *Bartlett*, 99 N. Y. 651; *Price* v. *Price*, 75
N. Y. 244; *Victory* v. *Krauss*, 45 Hun, 533; *Malloy* v.
*Starin*, 134 App. Div. 542; *Hughes* v. *Russell*, 99 N. Y.
Supp. 203.)

*Barnett L. Hollander* for respondent. The husband's
action survives to the extent that he seeks a recovery for
loss of services and expenses incurred in curing his wife's
injuries. (Cons. Laws, ch. 13, § 120; *Cregin* v. *B. C. R.*

R. Co., 75 N. Y. 192; 83 N. Y. 595; *Hegerich v. Keddie,* 99 N. Y. 258; *Foels v. Town of Tonawanda,* 48 N. Y. S. R. 150; 65 Hun, 624; *Scott v. Brown,* 24 Hun, 620; *Stephen v. Woodruff,* 18 App. Div. 625; Nichols Practice, 2068, § 1602, n. 48; *Matter of Meekin v. B. H. R. R. Co.,* 164 N. Y. 145.)

HISCOCK, J. This action was brought in 1908 to recover for the loss of services of plaintiff's wife and expenses resulting from her personal injuries alleged to have been caused in April, 1907, by the negligence of the original defendant. Before the trial of the action, and in 1910, the original defendant died, and the order complained of was made substituting his administratrix as the defendant in the action. The fundamental question, of course, is whether plaintiff's cause of action survived against the estate and representative of the person whose negligence is alleged to have caused the injuries to plaintiff's wife and resulting losses to the plaintiff.

This action is clearly grounded in tort, and, therefore, abated with the death of the alleged wrongdoer, unless such abatement has been avoided by statutory enactment.

At the date of the alleged injuries, and of the commencement of the action, the Revised Statutes (Part 3, chap. 8, title 3) provided as follows:

Actions for wrongs. "Section 1. For wrongs done to the property, rights or interests of another, for which an action might be maintained against the wrongdoer, such action may be brought by the person injured, or after his death, by his executors or administrators, against such wrongdoer, and after his death against his executors or administrators, in the same manner and with the like effect in all respects, as actions founded upon contracts.

Exceptions. "Section 2. But the preceding sections shall not extend to actions for slander, for libel, or to actions of assault and battery, or false imprisonment, nor to actions on the case for injuries to the person of the

plaintiff, or to the person of the testator or intestate of any executor or administrator."

Prior to the death of the alleged wrongdoer, section 120 of the Decedent Estate Law (Cons. Laws, ch. 13) had been enacted, which provided as follows: "For wrongs done to the property, rights or interests of another, for which an action might be maintained against the wrongdoer, such action may be brought by the person injured, or after his death, by his executors or administrators, against such wrongdoer, and after his death against his executors or administrators, in the same manner and with the like effect in all respects, as actions founded upon contracts. This section shall not extend to an action for personal injuries, as such action is defined in section thirty-three hundred and forty-three of the Code of Civil Procedure; except that nothing herein contained shall affect the right of action now existing to recover damages for injuries resulting in death."

Subdivision 9 of section 3343 of the Code of Civil Procedure at the time in question provided: "A 'personal injury' includes libel, slander, criminal conversation, seduction and malicious prosecution; also an assault, battery, false imprisonment, or other actionable injury to the person either of the plaintiff, *or of another*."

The first inquiry which arises is whether the question of abatement or not of plaintiff's cause of action is to be settled by the statutory provisions in force at the time when the injuries occurred, or at the time when the original defendant died, because, as already shown, there is a decisive difference between the statutes in force at these respective dates so far as this cause of action is concerned.

It seems to me that the statute in force at the date of the death of the alleged wrongdoer must control, and in fact that is the one cited by plaintiff in support of his position on the present appeal. As already pointed out, plaintiff's cause of action clearly would have abated except for statutory provisions to the contrary. His cause

of action is not based on any contract or on any reliance upon the statute. It is the result of the wrongdoing of another, entirely involuntary so far as he is concerned. Therefore, there was nothing in the way of contract or vested rights in his cause of action which prevented the legislature from amending the statute concerning survival of the cause of action after the latter arose if it saw fit. It seems to me that it did this, and that the statute in force at the time when the question of survival or abatement of the cause of action arose is the one that controls. When the defendant died, in 1910, it for the first time became necessary to determine whether the cause of action survived, and this question is very properly determined by reference to the statute in force at that date.

Proceeding on this theory it is clear that plaintiff's cause of action did not survive the wrongdoer's death. It may be conceded that plaintiff's loss of the services of his wife and liability for expenses incident to her injuries involve wrongs done to his "property, rights or interests," and that, therefore, the action might be maintained against the representatives of the wrongdoer after his death under the first sentence of section 120 of the Decedent Estate Law, except for the limitation which follows. The limitation is that said section "shall not extend to an action for personal injuries, as such action is defined in section thirty-three hundred and forty-three of the Code of Civil Procedure." Said section (subd. 9), as already quoted, provides that "A 'personal injury' includes * * * actionable injury to the person either of the plaintiff or of another." This action is to recover damages resulting from "actionable injury to the person * * * of another," namely, the plaintiff's wife, and, therefore, comes expressly within the exception to the provisions of the section in question providing for the survival of causes of action.

The case of *Cregin* v. *Brooklyn Crosstown R. R. Co.*

(75 N. Y. 192; 83 N. Y. 595), cited by respondent as a conclusive authority for the construction of the statute in his favor, is on proper analysis a conclusive authority against him.

That action was brought by the original plaintiff as plaintiff to recover, among other things, for loss of services of his wife resulting from the negligence of the defendant, and on the death of the original plaintiff the question arose, as in this case, of the abatement or survival of the cause of action. On the first appeal, Judge RAPALLO, writing in behalf of the court, pointed out that the action abated at common law and, therefore, the question was whether it was saved by the statute then in force and already quoted in this opinion. In substance he wrote that it was an action to recover for injury to the property rights of the original plaintiff, and that, therefore, the cause of action survived under section one of the Revised Statutes already quoted, unless it came within the exception to such survival specified in section two, and he then pointed out that it did not come within such exception enumerated in section two because the action was not brought to recover damages resulting from injuries to the person of the *plaintiff*. His reasoning thus based on the language of the statute was plain and conclusive, and necessarily leads to the conclusion that if the exception to survival of causes of action had included those for damages resulting from injuries to the person of the plaintiff *or another*, an opposite decision would have been reached. We now have that case. The statute has been changed and excepts from causes of action which survive those which are based on actionable injuries to the person, not only of the plaintiff, but of another.

These conclusions are supported by what was said in *Hegerich* v. *Keddie* (99 N. Y. 258); *Stephen* v. *Woodruff* (18 App. Div. 625); *Scott* v. *Brown* (24 Hun, 620).

Thus we reach the conclusion that the question cer-

tified to us, whether plaintiff's cause of action survived the death of the original defendant, should be answered in the negative, and the order appealed from should be reversed and application denied, with costs and ten dollars costs of motion.

CULLEN, Ch. J., GRAY, WERNER, COLLIN, CUDDEBACK and MILLER, JJ., concur.

Order reversed, etc.