Leslie Timian, Plaintiff, v. Charles T. Whelan, as Executor, etc.,
Defendant.

Supreme Court, Onondaga County, November 6, 1926.

Abatement and revival — action for injuries to property arising out of
collision between automobile of plaintiff and automobile of defendant's
testator — plaintiff suffered personal injuries in same accident — two
causes of action arose — cause of action for injuries to property saved
by Decedent Estate Law, § 120 — said cause of action not personal injury
within Code of Civil Procedure, § 3343 (now Gen. Const. Law, § 37-a).

The plaintiff suffered personal injuries and injuries to property in a collision between
his automobile and the automobile of the defendant's testator. The accident
was the result of the negligence of defendant's testator, and plaintiff was free
from contributory negligence. Two causes of action arose out of the same
accident, one for personal injuries to the plaintiff and the other for injuries
to his property. The plaintiff's cause of action for injuries to his property
is saved to him and he may sue the executor of the person responsible therefor,
since section 120 of the Decedent Estate Law specifically states that a cause of
action for wrongs done to the " property, rights or interests of another " may
be prosecuted against the executors of the person responsible for the wrong,
except actions for a personal injury, as defined by section 3343 of the Code of
Civil Procedure, now section 37-a of the General Construction Law.

The injuries done to plaintiff's automobile did not constitute a personal injury
within the meaning of section 3343 of the Code of Civil Procedure, now section
37-a of the General Construction Law.

Motion for nonsuit.

*Chapman, Newell & Crane*, for the plaintiff.

*Bailey, Oot & Ryan*, for the defendant.

Cheney, J.    A collision occurred between an automobile driven
by plaintiff and one driven by defendant's testator. In that
collision plaintiff received personal injuries and his automobile
was severely damaged. Defendant's testator received injuries
from which he died the next day.

Plaintiff brought this action against the representative of the
deceased to recover the damages which he received to his property,
his automobile and his clothing, by reason of the accident, alleging
that it was caused by the negligence of the defendant's testator.

Upon the trial defendant moved for a nonsuit upon the ground
that the cause of action had abated by the death of the wrongdoer.
Decision of the motion was reserved and a special verdict taken
assessing the amount of the damages, the negligence of defendant's
testator and plaintiff's freedom from contributory negligence being
conceded; and it was consented to in open court by both parties

that if the motion for nonsuit should be denied, the court should direct a verdict for the amount of the damages fixed by the jury with the same force and effect as if the jury was personally in court to render it.

It is well settled that under the common law a cause of action for a tort, including negligence, did not survive the death either of the wrongdoer or of the injured. Plaintiff's claim is that the common-law rule has been changed by statute in this State and cites section 120 of the Decedent Estate Law (added by Laws of 1909, chap. 240) as stating the present rule, and insists that by virtue of that statute his cause of action to recover damages to his property suffered by reason of the negligence or wrongful act of the deceased, did not abate by reason of the death of the wrongdoer, and that if an action had been commenced before the death, it could be continued against the representative of the wrongdoer, or, as is the case here, if the wrongdoer had already died, an action may be prosecuted against his representative to recover damages for the wrong.

This section reads as follows: " For wrongs done to the property, rights or interests of another, for which an action might be maintained against the wrong-doer, such action may be brought by the person injured, or after his death, by his executors or administrators, against such wrong-doer, and after his death against his executors or administrators, in the same manner and with the like effect in all respects, as actions founded upon contracts. This section shall not extend to an action for personal injuries, as such action is defined in section thirty-three hundred and forty-three of the code of civil procedure; except that nothing herein contained shall affect the right of action now existing to recover damages for injuries resulting in death."

While, as was said in *Mayer* v. *Ertheiler* (144 App. Div. 158), " that section seems too plain for construction," there are many cases in the books in which doubts have been cast upon its meaning, and many causes of action have been held to abate which upon first glance would seem to have been saved by that section. The doubts have arisen for the most part by reason of the exception to the rule contained in the latter part of the section, although difficulty has been found with the meaning of the words " property, rights or interests." It is perhaps strange that although this law in substantially the same form has been on the statute books for about 100 years, no case can be found where the precise question has been determined.

It would seem that damages to an automobile and clothing caused

by a negligent collision would be a wrong done to property rights and ·interests, and the cause of action therefor would be saved from abatement by this statute unless it was included within the exception, which is an action for personal injuries as defined by subdivision 9 of section 3343 of the Code of Civil Procedure (now Gen. Const. Law, § 37-a, as added by Laws of 1920, chap. 917). That definition is as follows: " ' Personal injury' includes libel, slander, criminal conversation, seduction and malicious prosecution; also an assault, battery, false imprisonment, or other actionable injury to the person either of the plaintiff, or of another."

Under that definition, it has been held that a cause of action by a husband to recover for medical expenses and loss of his wife's services occasioned by injuries received by her through the negligence of the defendant, although undoubtedly a wrong done to his " property, rights or interests," did not survive the death of the defendant, because it was within the exception, as the basis of the action was an actionable injury to the person of the plaintiff's wife. (*Gorlitzer* v. *Wolffberg*, 208 N. Y. 475.) That case overrules the previous decision in *Cregin* v. *Brooklyn Crosstown R. R. Co.* (75 N. Y. 192; 83 id. 595) on the ground that the prior decision was based upon the statute as it then read, limiting the definition to an actionable injury to the person of the plaintiff. The injury was not to the plaintiff but to the wife. Since that decision the statute was amended by the addition of the words " or of another," hence the court held that the cause of action did abate.

In this case the wrong which was committed was the negligent driving of the automobile by the deceased which caused the collision. As the result of that negligence and consequent collision the plaintiff suffered injury not only to his person but also to his property. If his cause of action for the wrong done is active, then the case is squarely within the reasoning of *Gorlitzer* v. *Wolffberg* (*supra*) and would, therefore, come within the exception and would not survive the death of the wrongdoer. I am satisfied, however, that such is not the proper position which should be taken . It is true that the wrongful act was single and entire, the negligence of the deceased, but as that wrongful act caused injury both to the person and to the property of the plaintiff, there arose therefrom two causes of action, one for the injury to his person and the other for the injury to his property. (*Reilly* v. *Sicilian Asphalt Paving Co.*, 170 N. Y. 40.) The first cause of action for injury to person undoubtedly comes within the exception in section 120 of the Decedent Estate Law, and was not saved from abatement thereby. The second cause of action, that for injury to property, just as clearly does not and by the plain provision of the statute does not abate.

This holding is not only consonant with reason but also has the support of authority. (*Cregin* v. *Brooklyn Crosstown R. R. Co.*, 83 N. Y. 595; *Scott* v. *Brown*, 24 Hun, 620.) In the *Cregin* case, which was an action by a husband for the loss of his wife's services, society and comfort, and for expenses incurred, arising out of negligent injury to her, the court held that where a right of action for damages which can survive, involves, mingled with, but separable from such damages, other damages of a character that die with the party, upon the revival of the action only the damages that so survive are recoverable, and consequently permitted a recovery for the loss of the wife's services and the expenses incurred, as they were an injury to " property, rights or interests," but did not permit of a recovery for loss of the society of the wife and comforts of that society.

In *Scott* v. *Brown* (*supra*) the action was brought against a plumber to recover damages for the negligent escape of sewer gas into a house. The damages consisted of injuries to plaintiff's health, and the expense of providing care and medical treatment to plaintiff's children, who were also sickened by the gas. Upon the death of defendant, a motion was made to revive the action against his representatives. It was held that the cause of action in so far as it applied to the damages and expenses of the sickness of the children, survived and the revival was permitted to that extent.

The motion for a nonsuit is, therefore, denied, and a general verdict is directed in favor of the plaintiff for the sum of $1,000, the damages assessed by the jury.