———— BIANCO, Plaintiff, *v.* SUN OIL COMPANY, Defendant.*

Supreme Court, New York County, May 7, 1928.

*Sidney L. Fishkin,* for the plaintiff.

*Robert H. Woody,* for the defendant.

CALLAHAN, J.  At common law an action for damages for " loss of services " abated at the death of the plaintiff.  (*Cregin* v. *Brooklyn Crosstown R. Co.,* 75 N. Y. 192.)  The statute that saves certain causes of action from abatement (Dec. Est. Law, § 120, as amd. by Laws of 1932, chap. 458) excludes actions for " personal injuries." Under section 37-a of the General Construction Law (as added by Laws of 1920, chap. 917) an action for " personal injury " includes an action based upon a personal injury to another.  (See *Gorlitzer* v. *Wolffberg,* 208 N. Y. 475; *Psota* v. *Long Island R. R. Co.,* 246 id. 388.)  It, therefore, appears that, under the present state of the law, an action by a father for loss of services of his infant child, even though including as part of the damage claimed actual expenditures by the father, wholly abates on the death of the father.  If a change is to be made in this rule, it would require appropriate legislative action.  Such a statutory policy would have precedent in the section providing for the survival of a father's claim for seduction of his daughter.  (Civ. Prac. Act, § 89.)

Motion for continuance of action by administrator denied.  Order signed.

* Affd., 224 App. Div. 817.