WILLIAM J. HUNTER, Plaintiff, *v.* JOSEPH WITTNER, Defendant.

Supreme Court, Kings County, February 25, 1932.

*Charles G. F. Wahle*, for the plaintiff.

*Maxwell J. Kaplan*, for the defendant.

DIKE, J. Death has complicated this negligence case, and a situation arises that is somewhat novel. The action was instituted by William J. Hunter, who, by reason of an accident to his wife alleged by him to have been caused by the defendant Joseph Wittner, is asking damages from the said defendant for substantial sums of money for procuring necessary medical, surgical and hospital treatment for his wife, Josephine Hunter, and for sums of money for medicine and other disbursements that he had claimed would hereafter, and during the lifetime of Josephine Hunter, his wife, be required, placing his damages at the sum of $10,000. Although it is not particularly important in the discussion of this motion, it still may be proper to say that the complaint alleges that the accident occurred on the 21st day of April, 1927, upon the premises in the control and possession of this defendant, part of which premises William J. Hunter and his family were occupying. An answer has been interposed which, in effect, denies any legal liability for any damage to this plaintiff.

The action is now on the trial calendar of this court, and it now appears that on or about November 3, 1931, the plaintiff, William J. Hunter, died in the borough of Brooklyn, city of New York. Thereafter his will was duly probated in the Surrogate's Court of the county of Kings, and on December 16, 1931, letters testamentary thereon were issued to Henry Amster, who has undertaken the administration of this estate and is now the executor, appointed by the deceased.

The question is as to the abatement of this action, and it is the contention of the plaintiff's attorney that at least so much of the cause of action, above discussed, as seeks to recover for disbursements incurred by decedent for his wife for medical, surgical, hospital and similar services and treatment and necessary medicines and for the employment of servants, as in the complaint set forth, has not abated by reason of the death of William J. Hunter, and the motion now is for the substitution of the executor above named, of William J. Hunter, deceased, in the place of the original plaintiff without prejudice to the position of this case upon the trial calendar of the court.

Has death terminated this litigation or does the demand for the financial loss, above detailed, keep the action alive? If we eliminate

the element of loss of service as the basis for a claim, then does the money loss, accrued or anticipated, survive to the estate of the deceased husband? In the discussion we must clearly keep in mind that the injured wife of William J. Hunter is alive, as well as the defendant in this action. We are concerned only, therefore, with the situation arising upon the death of the husband and the gravamen of his cause of action was his pecuniary loss. The defendant contends, therefore, that any action instituted for the loss of services of the wife would have abated and the instant case for monetary loss must also abate, and so this application for an order to substitute the executor in place of the plaintiff, William J. Hunter, deceased, has no basis in law. In *Gorlitzer* v. *Wolffberg* (208 N. Y. 475), decided in 1913, the court said: " This action was brought in 1908 to recover for the loss of services of plaintiff's wife and *expenses* resulting from her personal injuries alleged to have been caused in April, 1907, by the negligence of the original defendant. Before the trial of the action, and in 1910, the original defendant died, and the order complained of was made substituting his administratrix as the defendant in the action."

At once one will note a very sharp distinction between that case and the present case. The fundamental question that was involved in the *Gorlitzer* case was in relation to plaintiff's cause of action, as to whether it survived against the estate of the deceased and his personal representative, who was alleged to have been responsible for the injury to the plaintiff's wife, and for any financial loss suffered by the husband in that case.

*Price* v. *National Surety Co.* (246 N. Y. 586) was an appeal by permission from an order of the Appellate Division of the Supreme Court in the First Judicial Department in a negligence action. The Court of Appeals reversed the Appellate Division on the dissenting opinion of Mr. Justice Proskauer in 221 Appellate Division, 56, wherein Proskauer, J., said: " The cause of action for loss of services is traditionally and conventionally regarded as a personal injury action. It has been held in *Gorlitzer* v. *Wolffberg* (208 N. Y. 475) that such an action is for personal injury and does abate on death. The Code of Civil Procedure (§ 3343, subd. 9) then provided that a personal injury included ' actionable injury to the person either of the plaintiff, or of another.' " (*Psota* v. *L. I. R. R. Co.*, 246 N. Y. 338, p. 395.)

In the opinion in the *Gorlitzer Case* (*supra*) by Judge Hiscock, he discussed *Cregin* v. *Brooklyn Crosstown R. R. Co.* (75 N. Y. 192), and the court finally concludes, in the *Gorlitzer* case, that the plaintiff's cause of action did not survive the death of the original defendant.

At the time of the *Cregin* decision (*supra*) the statute did not permit the survival of an action to recover for injuries caused to the person of the plaintiff. (See 2 R. S. 447, §§ 1, 2.) Under the then existing statutes, however, the action was treated as one involving merely the recovery for a pecuniary loss, rather than one predicated upon a personal injury.

Section 120 of the Decedent Estate Law (as added by Laws of 1909, chap. 240) preserves a right of action after the death of a plaintiff except that such right " shall not extend to an action for personal injuries, as such action is defined in section thirty-three hundred and forty-three of the code of civil procedure " (now section 37-a of the General Construction Law, as added by Laws of 1920, chap. 917). The latter section provides that a " personal injury includes * * * actionable injury to the person either of the plaintiff, or of another." As to this phrase " of another," another's services is now to be included within the category of an action for " personal injuries." (*Psota* v. *L. I. R. R. Co., supra.*)

But happily for the further and final determination, at least for the present, upon this interesting question my attention has been directed, outside and apart from the briefs submitted to me by the counsel herein, to the case of *Bianco* v. *Sun Oil Company* (143 Misc. ——; affd., without opinion, 224 App. Div. 817), wherein this problem has received judicial construction in the First Department of the Supreme Court, and the learned justice deciding that case concludes as follows: " At common law an action for damages for ' loss of services ' abated at the death of the plaintiff (*Cregin* v. *Brooklyn Crosstown R. R.*, 75 N. Y. 192). The statute that saves certain causes of action from abatement (Dec. Est. Law, § 120) excludes actions for ' personal injuries.' Under subdivision 9 of section 37-a of the General Construction Law an action for ' personal injury ' includes an action based upon a personal injury to another. (See *Gorlitzer* v. *Wolfberg*, 208 N. Y. 475; *Psota* v. *L. I. R. R.*, 246 id. 388.) It, therefore, appears that under the present state of the law an action by a father for loss of services of his infant child, even though including as part of the damage claimed actual expenditures by the father, wholly abates on the death of the father. If a change is to be made in this rule it would require appropriate legislative action."

The seriousness of this situation, strangely enough, does not seem to have occurred to the codifiers, and, for instance, if a wife, as in the present case, who had suffered injuries by the negligent act of another, whose husband had paid substantial amounts or any amounts for medical and surgical services, and in an action to recover from the one at fault it transpired that the husband died,

the wife would be unable to successfully prosecute an action upon his death for those damages to his estate and, indeed, would be without remedy. The motto, *ubi jus ibi remedium*, would here seemingly fail until the Legislature authorizes the remedy. Such a situation, it seems to me, should receive early and appropriate legislation to cure this grave situation.

As for the *Bianco Case* (*supra*) the determination reached by the learned justice writing in that matter was affirmed, without opinion, in 224 Appellate Division, 817.

Upon all of the foregoing I must, therefore, conclude, regretting the apparent [harshness of my conclusion, that under the authorities as I consider them, this application must be denied.

Submit order upon notice.