HERMAN HERZOG, Plaintiff, *v.* ABRAHAM STERN and Another, as Personal Representatives and Executors, etc., of DAVID STERN, Deceased, Defendants.

Supreme Court, New York County, June 13, 1933.

*Feltenstein & Rosenstein*, for the plaintiff.

*James J. Mahoney* [*William M. Kurtz* and *George J. Stacey* of counsel], for the defendants.

HAMMER, J. Plaintiff asserts he received personal injuries in an automobile accident in the State of Virginia, due to the negligence of defendants' testator, and now, in the State of New York, of which the parties were residents, brings this action to recover damages.

Such an action is maintainable in the State of Virginia, but in New York is abated by the death of the alleged wrongdoer which it does not survive. The motion is to dismiss the complaint upon the ground that this action will not lie in that it is contrary to the settled public policy of the State of New York.

Two decisions in the Appellate Divisions of this court are at variance upon the subject. In the Second Department, in *Clough* v. *Gardiner* (111 Misc. 244; affd., unanimously, 194 App. Div. 923, on the opinion below), it is held that revivor is against public policy. In the Fourth Department, in *Domres* v. *Storms* (236 App. Div. 630), with one of the justices stating his dissenting opinion, it was held that there are no considerations of public policy or other reasons that should prevent the plaintiff from bringing his action in this State. There is forceful reasoning in the opinions in both cases, and in numbers the justices stand six against and four in favor of the right to maintain such an action. At common law, all actions arising *ex delicto* abated upon the death either of injured or wrongdoer. (*Hegerich* v. *Keddie*, 99 N. Y. 258; *Brackett* v. *Griswold*, 103 id. 425; *Bernstein* v. *Queens County Jockey Club*, 222 App. Div. 191.)

*Section 120 of the Decedent Estate Law*, containing a modification of the common-law rule, and *providing for the survival of actions for wrongs done to property rights* or interests of another, specifically states: " This section shall *not extend to an action for personal injuries*, as such action is defined in section thirty-seven-a of the general construction law; except that nothing herein contained shall affect the right of action now existing to recover damages for injuries resulting in death."

In *Gorlitzer* v. *Wolffberg* (208 N. Y. 475, revg. 148 App. Div. 917, and distinguishing *Cregin* v. *Brooklyn Crosstown R. R. Co.*, 75 N. Y. 192) it was held that under the then definition of " personal injury " given by the Code of Civil Procedure, section 3343, subdivision 9, an action to recover damages for the loss of services of the plaintiff's wife resulting from her personal injuries, caused by the defendant's negligence, cannot be continued after defendant's death, against his administrator; for this section excepts from its provisions any " actionable injury to the person either of the *plaintiff, or of another*."

It will be readily admitted that there is nothing repugnant to one's sense of justice in permitting an injured party to recover damages for the injuries sustained against the estate of the wrong-doer. That is permitted in many jurisdictions. The sole question here is whether such an action in this State is against our established public policy.

" In a juridical sense, public policy does not mean simply sound policy, or good policy; but as defined by Daniel Webster in the *Girard Will Case* (2 How. [U. S.] 127) it means the policy of a State established for the public weal ' either by law, by courts or general consent.' (*Hollis* v. *Drew Theological Seminary*, 95 N. Y. 166, 172.) " (Quoted from *Domres* v. *Storms*, 236 App. Div. 630, 635. See the dissenting opinion and cases cited.)

It appears that section 120 of the Decedent Estate Law was added by Laws of 1909, chapter 240. It was taken from the Revised Statutes, part 3, chapter 8, title 3, sections 1, 2. *Gorlitzer* v. *Wolffberg* (*supra*) was decided in 1913, and reversed 148 Appellate Division, 917, decided in 1912, and also distinguished the case of *Cregin* v. *Brooklyn Crosstown R. R. Co.* (75 N. Y. 192; second appeal, 83 id. 595, decided in 1881). In his opinion on the first appeal, Judge RAPALLO pointed out that the action abated at common law, and the question was whether it was saved by the statute then in force. He stated that it was an action to recover for injury to the pecuniary interests of the original plaintiff, and like an injury to property rights the action survived under section 1 of the Revised Statutes unless it came within the exception to such survivals

specified in section 2, and it did not come within such exception because *the action was not* brought *to recover damages resulting from injuries to the person of the plaintiff*. In *Gorlitzer* v. *Wolffberg* (*supra*), in referring to the opinion by RAPALLO, J., it is said: " His reasoning thus based on the language of the statute was plain and conclusive, and necessarily leads to the conclusion that if the exception to survival of causes of action had included those for damages resulting from injuries to the person of the plaintiff *or another*, an opposite decision would have been reached. We now have that case. *The statute has been changed and excepts from causes* of action which survive those which are based on actionable injuries to the person, *not only of the plaintiff, but of another.*"

*Scott* v. *Brown* (24 Hun, 620), decided in 1881, held that where a plaintiff brought an action for injuries caused to himself and children by reason of defective plumbing done by the defendant, and the latter died after the commencement of the action, the action abated as to the plaintiff, but that he might continue the action to recover damages for the injuries to his children. It was decided on the same reasoning as the case of *Cregin* v. *Brooklyn Crosstown R. R. Co.* (*supra*). *The amendment of the statute* by the Legislature by including the words " or another " after the two decisions referred to *is significant of the intention of the Legislature* to reaffirm the public policy of the State in respect of abatement of an action for personal injuries upon the death of the wrongdoer. *Hegerich* v. *Keddie* (99 N. Y. 258), decided in 1885, held that an action for the death of a decedent by the wrongful act of the defendant, brought under section 1902 of the Code of Civil Procedure, is not one which affects the property rights or interests of the decedent within the meaning of the section, and hence on the death of the tort feasor does not survive against his executor.

In *Matter of Meekin* v. *Brooklyn Heights R. R. Co.* (164 N. Y. 145) it was held that death by wrongful act constitutes an injury to a property right of the person to whom the cause is given, and, therefore, such action survives the beneficiary's death. (See *Blake* v. *Griswold*, 104 N. Y. 613, decided in 1887; 2 R. S. 71, § 17; *Campbell* v. *Bowne*, 5 Paige, 34, decided in 1835.) The decision in *Clough* v. *Gardiner* (*supra*), and the dissenting opinion in *Domres* v. *Storms*, and the authorities therein referred to, particularly *Hegerich* v. *Keddie* (*supra*), and the authorities cited above herein, are strongly persuasive and lead me to the conclusion that it is the settled public policy of the State of New York that a cause of action for personal injuries is abated by the death of the wrongdoer, and does not survive against the wrongdoer's estate. Plaintiff relies upon *lex*

*loci delicti* which allows revivor and gives plaintiff the right to sue decedent's representatives.

It is argued that our law should be more considerate of the injured than of the wrongdoer or the latter's property and estate. Perhaps that may be the better viewpoint. It seems noteworthy, however, that the policy and the exceptions thereto are contained in the Decedent Estate Law. This may be an indication that the Legislature of this State considered the effect which would result to the heirs and next of kin and those who are the natural objects of the bounty of deceased persons, if such actions were permitted to survive the death of the one causing the injury. Concern was felt, no doubt, for the widows and orphans. The thought may have been that in this type of action if the deceased's estate were permitted to be diminished or exhausted by such claims for damages, the State itself might be obliged to provide for and support the dependents of the deceased, who, if the deceased's estate were preserved, would not be dependent upon the State. As a result the State might in effect be paying the damages.

Abatement upon the death of the injured from causes other than the wrong committed may very well rest upon the same basis that withheld recognition of a right of action for death through negligence at common law. Then, too, it may be observed that to permit revivor of such an action upon the death of the wrongdoer, based upon the statute of a foreign State, would, in effect, enable such State to exercise jurisdiction and control over the estates of deceased residents of this State and deprive the Legislature of this State of, or interfere with it in the exercise of, dominion over such estates and give to the residents of this State rights and remedies which the Legislature here, in its wisdom, has withheld from them. Clearly, whatever the reasons may be, such bestowal of right is against the public policy of this State as expressed in legislative enactment and which, with one possible exception, has been consistently adhered to and declared in the decisions of the courts. It is not in accord with plaintiff's suggestion.

" ' The Legislature have said that the thing shall not be done, and that is enough.' (*Jackson* v. *Walker*, 5 Hill, 27, 32.)" (Quoted from *Domres* v. *Storms, supra.*)

The Legislature, within constitutional limitations, has the power to determine what the policy of the law of the State is, and when such policy is expressed and established the courts are required to give effect thereto. (*South & Central American Commercial Co., Inc.,* v. *Panama Railroad Co.,* 237 N. Y. 287, 291; *Straus* v. *Canadian Pacific Railway Co.,* 254 id. 407, 414.)

The rule is that a tort committed in one State creates a right of action that may be sued upon in another State unless public policy forbids. (*Loucks* v. *Standard Oil Company*, 224 N. Y. 99, 106.) That case is relied upon by plaintiff in support of his contention that the action at bar is not contrary to the established public policy of New York. It is readily distinguished. There was no question of conflict of law there. The action was by the widow administratrix, on behalf of herself and the children of the deceased, against the wrongdoer for negligently causing decedent's death. The decision was that the Massachusetts statute was not against the public policy of New York. Clearly, it was not. CARDOZO, J. (later Ch. J.), at page 111, stated: " There is nothing in the Massachusetts statute that outrages the public policy of New York. We have a statute which gives a civil remedy where death is caused in our own state. We have thought it so important that we have now imbedded it in the Constitution (Const. art. 1, § 18). The fundamental policy is that there shall be some atonement for the wrong. Through the defendant's negligence, a resident of New York has been killed in Massachusetts. He has left a widow and children who are also residents. The law of Massachusetts gives them a recompense for his death. It cannot be that public policy forbids our courts to help in collecting what belongs to them. * * * We have no public policy that prohibits exemplary damages or civil penalties. We give them for many wrongs."

Accordingly, the motion is granted and complaint dismissed. Settle order.

(Italics mine.)