PHILO AUSTIN, as Executor, etc., of HARRIET M. AUSTIN, Deceased, Plaintiff, *v.* WILLIAM WOOD, Defendant.

Supreme Court, Onondaga County, December 12, 1934.

*E. C. Miller* [*Benjamin E. Shove* and *Jesse E. Kingsley* of counsel], for the plaintiff.

*Bond, Schoeneck & King* [*William Fitzpatrick* of counsel], for the defendant.

CREGG, J. On October 2, 1933, Harriet M. Austin, while crossing a street in the village of Skaneateles, was struck by the defendant's automobile. She died on August 11, 1934, as a result of the injuries sustained. An action was brought by her executor to recover damages for her death. The complaint also sets forth an alleged cause of action to recover the expenses incurred by Mrs. Austin for medical care and treatment from the time of her accident to the time of her death.

This motion is made to dismiss the second cause of action under rule 106 of the Rules of Civil Practice, on the ground that the complaint does not state facts sufficient to constitute a cause of action.

Plaintiff claims that he is entitled to recover on the second cause of action by reason of the provisions of section 120 of the Decedent Estate Law and section 25-a of the General Construction Law. He claims that the moneys expended by the decedent created a property right in the estate and, therefore, survived her death.

The damages sought to be recovered emanated from and through a personal injury. A cause of action such as this which emanates from personal injury is an action for personal injury. At common law such an action abated upon the death of the injured party. If it survives it must survive through statutory authority. The statutes through which it is claimed this action survives are:

"§ 120. Actions for wrongs, by or against executors and administrators. For wrongs done to the property, rights or interests of another, for which an action might be maintained against the wrong-doer, such action may be brought by the person injured, or after his death, by his executors or administrators, against such wrong-doer, and after his death against his executors or administrators, in the same manner and with the like effect in all respects, as actions founded upon contracts. This section shall not extend to an action for personal injuries, as such action is defined in section thirty-seven-a of the general construction law; except that nothing herein contained shall affect the right of action now existing to recover damages for injuries resulting in death."

"§ 25-a. Injury to property. ' Injury to property ' is an actionable act, whereby the estate of another is lessened, other than a personal injury, or the breach of a contract."

The interpretation of these statutes must be governed by the basic principles of statutory construction. The steps required to defeat the common-law right must be strictly observed. In construing these statutes we should give heed to the particular evil which they were designed to remedy. (*Psota* v. *Long Island R. R. Co.*, 246 N. Y. 388.)

Under any reasonable construction of these statutes it cannot be said that the Legislature intended that such an action as this should survive the death of the injured person. Section 130 of the Decedent Estate Law gives a cause of action to the executor or administrator of a decedent who is survived by a husband, wife or next of kin, against the wrongdoer, *for the pecuniary injuries resulting from the decedent's death but nothing else.* (*Matter of Meekin* v. *B. H. R. R. Co.*, 164 N. Y. 145, 153; *Hunter* v. *Wittner*, 142 Misc. 795.) I am unable to find any language in section 120 of the Decedent Estate Law or section 25-a of the General Construction Law which enlarges the rights of such executor or administrator.

So far as I am able to ascertain, this precise question has never arisen before, although these statutes have been in existence for many years. Meritorious as the claim may seem, unfortunately it is not sustained by the statutes. Order may be entered dismissing the second cause of action.