Morris Weiss and Another, Respondents, v. Bella Jacobs, Amended to Read Bella Jacobs Tannenbaum, Appellant.— Motion for leave to appeal to the Court of Appeals denied. Present — Lazansky, P. J., Hagarty, Adel, Taylor and Close, JJ.

Harold Briggs, Individually and as Guardian ad Litem of Harold Dallas Briggs, an Infant, Respondent, v. Village of Peekskill, Appellant.— Action on behalf of an infant for damages for personal injuries suffered as a consequence of the claimed negligence of the defendant village. Also companion action by the infant's parent for expenses and loss of services. Order of the County Court of Westchester County, denying defendant's motion for judgment on the pleadings under rule 112, Rules of Civil Practice, denying plaintiff's motion to strike out an affirmative defense under rule 103, granting plaintiff's motion to correct the notice of claim served on the defendant village and to serve a properly verified notice *nunc pro tunc* on the clerk of the defendant village, and granting plaintiff's motion to serve an amended complaint, modified by inserting a provision that the relief so granted is confined to the cause of action of the infant plaintiff and denied as to the adult plaintiff and that defendant's motion for judgment against adult plaintiff is granted, with ten dollars costs, and judgment directed to be entered thereon; and further modified by providing that the service of the notice of claim *nunc pro tunc* is without prejudice to the rights of the village under section 341-c of the Village Law, to be exercised within thirty days after the entry of the order hereon. As so modified, the order, in so far as appealed from, is affirmed, without costs. The notice of claim *nunc pro tunc* and the amended complaint herein provided for are to be served within ten days from the entry of the order hereon. The court was without power to grant the relief it accorded to the plaintiff in so far as concerned the individual cause of action of the adult plaintiff. (*Rockwell* v. *City of Syracuse*, 282 N. Y. 17, 19.) The court, however, had ample power to grant the relief accorded in respect of the infant's cause of action since the relief thus granted did not prejudice any substantial right of the defendant village so long as its rights under section 341-c of the Village Law were preserved. (*Russo* v. *City of New York*, 258 N. Y. 344; *Murphy* v. *Village of Fort Edward*, 213 id. 397; *Winter* v. *City of Niagara Falls*, 190 id. 198.) The limitations in section 341 of the Village Law are not in the nature of a Statute of Limitations so far as the infant plaintiff is concerned. Carswell, Johnston, Adel and Close, JJ., concur; Lazansky, P. J., concurs with granting defendant's motion for judgment on the pleadings as to the adult plaintiff, but dissents and votes to grant defendant's motion for judgment on the pleadings as to the infant plaintiff also, and to deny plaintiff's motion for leave to rectify the notice of claim and to serve an amended complaint. Section 341 of the Village Law provides that no action shall be maintained against a village for damages for personal injury unless a written verified statement of the nature of the claim and of the time and place at which such injury is alleged to have been received shall have been filed with the village clerk within thirty days after the cause of action shall have accrued, and an action on such a claim shall not be commenced until the expiration of thirty days after it is presented. Plaintiff complied with neither of these conditions. Without the filing of a valid notice of claim there is no cause of action. It is conceded that a valid claim was not filed. In this action the court has not the power to decree as done that which has not been and cannot be done.