Russell Fox, an Infant, by William A. Fox, His Guardian ad Litem, and William A. Fox, Plaintiffs, *v.* The Village of Fleischmanns, N. Y., Defendant.

Supreme Court, Trial and Special Term, Delaware County, April 29, 1942.

*Keator & Herman,* for the plaintiffs.

*Gleason B. Speenburgh,* for the defendant.

Deyo, J. The infant's cause of action asserted both under the theory of negligence and of nuisance is for personal injuries suffered

on a public skating rink maintained by the defendant village. William A. Fox, individually, joins as a party plaintiff, and asserts a cause of action for the medical expenses incurred in treating the infant and for the loss of his services. The answer, among other defenses, alleges that the individual plaintiff failed to file the notice required by section 341 of the Village Law within thirty days after the alleged. cause of action arose. This motion is for a severance of the cause of action asserted by William A. Fox, individually, and for a dismissal thereof and for summary judgment thereon. It appears that although the claim asserted was seasonably filed on behalf of the infant and he was, in fact, examined thereon, no claim on behalf of the individual plaintiff was filed until after the expiration of the thirty-day period. The question which confronts us now is whether or not the individual's claim is one " for damages for a personal injury or an injury to property alleged to have been sustained by reason of the negligence  *  *  * "  within the intent and meaning of section 341 of the Village Law. I am of the opinion that this claim is included within the provisions of this section. (*Briggs* v. *Village of Peekskill*, 259 App. Div. 819.) A personal injury is defined in part in section 37-a of the General Construction Law as " *  *  *  actionable injury to the person either of the plaintiff, or of another." An action for the loss of the services of a wife or a child, and for medical expenses, has been held to constitute a personal injury within this definition. (*Gorlitzer* v. *Wolffberg*, 208 N. Y. 475, 478; *Ballantine* v. *Ahearn*, 170 Misc. 651; *Bianco* v. *Sun Oil Co.*, 143 Misc. 764; affd., 224 App. Div. 817.) Section 49 of the Civil Practice Act imposes a three years' Statute of Limitations upon " an action to recover damages for an injury to property, or a personal injury, resulting from negligence." This phraseology is substantially the same as that employed in section 341 of the Village Law. It has been held that this limitation includes actions for the loss of a wife's services. (*Maxson* v. *D., L. & W. R. R. Co.*, 112 N. Y. 559; *Frehe* v. *Schildwachter*, 263 App. Div. 379, 380; *Pitrelli* v. *Cohen*, 257 id. 845.) Similarly, an action brought by a parent to recover for the loss of his child's services was held to fall within the scope of section 282-e of the Highway Law (now § 59 of the Vehicle and Tr. Law), which imposes liability upon the owner of a motor vehicle for " injuries to person or property." (*Psota* v. *Long Island R. R. Co.*, 246 N. Y. 388.) In this case the court said (at p. 395): " Actions by a father for the loss of the services of his child, or a husband for the loss of the services of his wife have in legal parlance been classed with personal injury cases."

The fact that the defendant had knowledge that such a claim might be made and may not be prejudiced by the failure to file within thirty days, cannot excuse this failure to observe the statute, compliance with which is an integral part of the cause of action. (*Winter* v. *City of Niagara Falls*, 190 N. Y. 198.) What the law commands is not knowledge, but written notice of the claim for damages. (*Adonnino* v. *Village of Mount Morris*, 171 Misc. 383, 385; *Thomann* v. *City of Rochester*, 256 N. Y. 165, 172.) It is unfortunate that this result must follow the individual's failure to file his claim within the statutory period, but as Judge COYNE said in *Briggs* v. *Village of Peekskill* (*supra*) when the matter was before the trial court (16 N. Y. Supp. [2d] 873, 874): "This Court is in ready accord with the authorities, holding that the effect of the section in question should not be weakened by the Courts endeavoring to aid claimants who have omitted to conform to the requirements which are an indispensable preliminary to the maintenance of an action against a municipality."

The defendant's motion is granted, with ten dollars costs.

Submit order accordingly.