E. Howard Ringrose, J.
The defendants herein move pursuant to subdivisions 5 and 6 of rule 107 of the Rules of Civil Practice for an order dismissing the complaint herein.
The complaint alleges a cause of action in favor of Jacqueline Rudnicky, an infant, and a derivative cause of action in favor of her father and guardian ad litem, James Rudnicky.
At the time of the accident the infant plaintiff, then 10 years of age, was riding her bicycle in an easterly direction on Seneca Street in the City of Oswego, New York. The defendant Rose E. Kray was operating a motor vehicle owned by the defendant Anthony Kray in a southerly direction on East Seventh Street. The vehicles came into collision at the intersection of the aforesaid streets and the infant plaintiff was injured. It is the claim of the plaintiffs that the accident was caused by the negligence of the defendant Rose E. Kray.
On the 24th day of November, 1951 James Rudnicky, as father of the infant plaintiff, executed and delivered to the defendants a general release in consideration of the sum of $375.
*64 The settlement was approved pursuant to an application under article 80 of the Civil Practice Act by an order of Hon. Thomas M. McG-ough, Judge of the City Court of the City of Oswego. At the same time a release was executed by the parents of the infant plaintiff for the nominal consideration of $1.
That since December, 1955 the infant plaintiff has received medical treatment for a hip ailment which her attending physician attributes to the injuries received in the accident, and which condition in the opinion of the physician will be permanent.
The motion of the defendants is granted as to the derivative action of the father, James Rudnicky. The accident happened on August 24, 1951, and this action was commenced by the service of the summons and complaint on December 12, 1959. The three-year Statute of Limitations expired on August 24, 1954, and, therefore, barred the right of action by the father. (Civ. Prac. Act, § 49, subd. 6; Fox v. Village of Fleischmanns, 178 Misc. 454, and authorities therein cited.)
The motion to dismiss the action of the infant, Jacqueline Rudnicky, is denied, as the factual issues raised by the opposing affidavits cannot be determined on this motion. In view of the opinion above mentioned, expressed by the infant’s present physician, a preliminary trial of the validity of the release in all probability will be required. (Lockrow v. Church of Holy Family, 5 A D 2d 959, affd. 5 N Y 2d 1024.)
The above disposition is without prejudice to a further appropriate motion by the defendants, if so advised, after issue is joined.